CITY NATIONAL BANK OF MANCHESTER *vs.* BENJAMIN B.
WILLIAMS & another.

Suffolk.   March 9. — May 5, 1877.   ENDICOTT & SOULE, JJ., absent.

A surety on a poor debtor's recognizance, entered into under the Gen. Sts. c. 124,
§ 10, surrendered his principal, who had not delivered himself up for examination,
on the thirtieth day from his arrest, when there was not time to give the notice
required by statute within the thirty days named in the recognizance. *Held,* that
there was no breach of the recognizance.

CONTRACT on a recognizance entered into under the Gen. Sts.
c. 124, § 10, on July 3, 1875, by the defendant Williams as
principal, and the other defendant as surety, and conditioned
that Williams, who had been arrested on an execution in favor
of the plaintiff, should, within thirty days from the time of his
arrest, deliver himself up for examination before some magis-
trate authorized to act, giving notice of the time and place
thereof in the manner provided by law, and appear at the time
fixed for his examination, and from time to time until the same
was concluded, and not depart without leave of the magistrate,
making no default at any time fixed for his examination, and
abide the final order of the magistrate thereon.

The case was submitted to the Superior Court, and, after
judgment for the defendants, to this court, on appeal, on an
agreed statement of facts in substance as follows:

On August 2, 1875, at half past six in the afternoon, the de-
fendant Williams not having delivered himself up for examina-
tion as provided in the recognizance, the surety surrendered him
to the keeper of the jail in the county where he was arrested.
No question is made upon the validity and sufficiency of the
surrender, if it was seasonable in time; and it is admitted that,
under the circumstances which existed in this case, there was
not time, when the surrender was made, to give the notice re-
quired by the statute within the thirty days named in the recog-
nizance.

*W. H. Towne,* for the plaintiff.

*H. G. Parker,* for the defendants.

LORD, J.  The fallacy of the plaintiff's position is in the as-
sumption that the recognizance of the defendants is an engage-

ment that the debtor shall be examined within thirty days of the day of his arrest, having previously given due notice of his intention to submit himself to examination. But this is not the contract. The contract is that " he will deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof as herein provided." Gen. Sts. c. 124, § 10. There is nothing in the statute to indicate that these acts may not be contemporaneous. The present participle rather implies that the notice is to be given, or at least may be given, at the time the party delivers himself up for examination, while the remaining language, immediately following that quoted, " and appear at the time fixed for his examination," is strongly corroborative of the view. Section 45 of same chapter provides : " Whoever recognizes as surety for another, as provided in this chapter, may, at any time before breach of recognizance, surrender his principal and exonerate himself from all further liability, in the manner provided for the surrender by bail."

In this case, the party was surrendered before the expiration of thirty days from the day of his arrest. There could have been then no breach of the recognizance. A right of action arises immediately upon a breach ; but on this recognizance there could be no right of action till after thirty days, for the party has the whole of thirty days in which to deliver himself up for examination. *Judgment affirmed.*