### BRIDGET E. HASTINGS *vs.* HORACE PARTRIDGE.

Suffolk. March 22. — May 3, 1878. AMES & MORTON, JJ., absent.

If a notice, sufficient in form and service, has been given of the desire of a person, arrested on execution, to take the oath for the relief of poor debtors, a new notice, given the same day and made by the magistrate's altering the original notice by erasure and interlineation, is invalid, although the officer makes return of service upon the new notice only.

CONTRACT on a recognizance, entered into under the Gen. Sts. *c.* 124, § 10, by C. P. Taft as principal, and the defendant as surety, and conditioned that Taft, who had been arrested on an execution in favor of the plaintiff, should within thirty days

from the day of his arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

Trial in the Superior Court, before *Allen*, J., who, by consent of parties, before verdict, reported the case for the consideration of this court. If, upon the facts, the discharge of the debtor was invalid, judgment was to be entered for the plaintiff; otherwise, for the defendant. The facts appear in the opinion.

*J. M. Browne*, for the plaintiff.

*S. C. Darling*, for the defendant.

SOULE, J. For the purpose of showing a breach of the recognizance, the plaintiff proved, by evidence not objected to, that the debtor made application on April 30, 1877, to a magistrate who had jurisdiction of the matter, to take the oath for the relief of poor debtors; that the magistrate thereupon issued a notice of the application, returnable before himself at his office at one o'clock in the afternoon of the next day; that this notice was duly served on the attorneys of the plaintiff; and that the attorneys were in attendance at the time and place named, and remained for a full hour thereafter, and that the magistrate was not present. This made a *primâ facie* case for the plaintiff, and, in the absence of controlling evidence on the part of the defendant, would entitle her to judgment.

The defendant proved that, immediately after the service was made, the officer, fearing that it had not been made seasonably, applied to the magistrate, who, by erasure and interlineation, changed the hour named in the original notice from one o'clock to two o'clock in the afternoon, and the officer served an attested copy of the original notice thus changed on the plaintiff's attorneys at as early an hour as is requisite for service of a notice returnable at two o'clock in the afternoon; that the debtor and magistrate were in attendance at the time and place named in the changed notice, during and throughout the hour named therein, but that neither the plaintiff nor her attorneys appeared

during that time, and the debtor was accordingly discharged from arrest. The only return of service by the officer was on the original notice as changed. The defendant produced the original notice as changed, the return of service thereon, and the proceedings of the magistrate thereunder, from which it appeared that he discharged the debtor from arrest at three o'clock, because of the non-appearance of any one on behalf of the creditor to attend the examination of the debtor. The only question made was, whether the notice returnable at two o'clock was authorized, and the discharge under it valid.

We are not called on to consider how it could happen that the creditor's attorneys attended from one o'clock, and for a full hour thereafter, without finding the magistrate present, while the magistrate attended at the same place from two o'clock till three, with the debtor, without finding the attorneys. If the question, whether the attorneys and the debtor met in presence of the magistrate, were material, it would be necessary to send the case to a jury to find the fact. The question is immaterial, because it is clear that the attorneys attended under the notice for one o'clock, while the debtor appeared and the magistrate acted under the notice for two o'clock.

We are of opinion that the proceedings under which the debtor was discharged were irregular and void. The original notice was sufficient in form and service. The second notice was issued and served later on the same day. By the Gen. Sts. c. 124, § 14, it is provided that "when a defendant or debtor has given notice of his desire to take the oath for the relief of poor debtors, no new notice of the same shall be given until the expiration of seven days from the service of the former notice, unless the former notice was insufficient in form or service." By giving the original notice, therefore, the debtor lost his right to give any further notice within seven days. No act of the debtor, of the magistrate or of the officer, either in altering or destroying the papers, could restore the right. The fact being proved, whether by the officer's return, or by other competent evidence, that one notice had been served, the statute distinctly makes any subsequent notice within seven days inoperative. *Safford* v. *Clark*, 105 Mass. 389. The discharge was invalid, and, in accordance with the terms of the report, there must be

*Judgment for the plaintiff.*