NANCY BARNES *vs.* NOAH D. LADD & others.

Worcester. Oct. 7, 1880. — April 5, 1881. COLT, MORTON & FIELD, JJ.,
absent.

The provision of a recognizance entered into by a poor debtor, under the Gen. Sts. *c.* 124, § 10, that within thirty days from the day of his arrest he will "deliver himself up for examination before some magistrate authorized to act," does not require him to deliver himself up at such time that the examination may be commenced within the thirty days; but it is sufficient if the notice to the creditor is issued by the magistrate before the expiration of the thirty days.

CONTRACT upon a poor debtor's recognizance, entered into on January 5, 1880, by Amasa C. Morse as principal, and the defendants as sureties, and containing, among the usual conditions, that Morse should, within thirty days from said January 5, "deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof" as by law provided. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, on agreed facts, in substance as follows:

Morse was arrested, on January 5, 1880, on an execution in the plaintiff's favor, and the recognizance in suit was entered into by him and the defendants on that day. On February 2, Morse applied to a magistrate to take the oath for the relief of poor debtors, and the magistrate thereupon issued a notice to the creditor to appear at his office in Worcester on February 4 for the usual examination of the debtor, which notice was in proper form, but was not properly served by reason of the mistake of the officer to whom it was committed for service. Thereupon, on February 4, the debtor made application to the magistrate for a new notice, and the magistrate issued a new notice in proper form, appointing the examination at his office in Worcester on February 7 at two o'clock P. M. This notice was duly served on the plaintiff's attorney at Southbridge on February 4 at eight o'clock P. M. The plaintiff lived in Thompson, Connecticut, which is eight miles from Southbridge and twenty-eight miles from Worcester, and her attorney resided twenty miles from Worcester. At the time and place appointed in this second notice for the examination, Morse appeared; and

after waiting until the expiration of the hour, neither the plaintiff nor anybody in her behalf appearing, the magistrate administered the oath to Morse.

If the action could be maintained, judgment was to be entered for the amount of the recognizance; otherwise, judgment for the defendants.

*F. P. Goulding*, for the plaintiff.

*W. S. B. Hopkins*, for the defendants.

LORD, J. This case has been argued by the plaintiff's counsel upon his construction of the statute that the poor debtor must not only surrender himself within the thirty days limited by his recognizance, but must surrender himself at such time during the thirty days as shall afford opportunity to give the notice required to the creditor to appear within the thirty days and examine the debtor. Some portions of his argument would imply that the debtor must be actually examined and the oath administered within the thirty days. If, however, the former position cannot be maintained, this claim would be wholly groundless.

Our first inquiry is, whether the recognizance means that he shall surrender himself so long before the expiration of the thirty days as to enable the creditor to receive the statute notice before their expiration; and this depends upon the meaning of the words that he will within thirty days from the day of his arrest " deliver himself up for examination before some magistrate authorized to act." Does this imply anything more than presenting himself to the magistrate for the purpose of initiating the proceedings for his examination and discharge? We think it means only that. If it were otherwise, the time at which he must surrender would be uncertain, dependent upon the distance of the residence of the creditor from the place appointed for the examination. Such construction might hazard the rights of a surety upon the recognizance, who might in consequence be unable to know when his liability would be fixed.

Section 45 of the Gen. Sts. *c.* 124, authorizes a surety at any time before breach of the recognizance to " surrender his principal and exonerate himself from all further liability, in the manner provided for the surrender by bail;" and it has been said by this court that such surrender may be made at any time

within thirty days from entering into said recognizance, and that there can be no breach of it until the full expiration of the thirty days. *City National Bank* v. *Williams*, 122 Mass. 534.

Unless this construction of the statute be adopted, the surety must act upon his peril, and his contract would embrace stipulations and qualifications which are not expressed in words. If the plaintiff happened to reside within half a mile of the magistrate, a service of a couple of hours would be sufficient; if he should reside fifty miles from the debtor, a notice of several days would be requisite. But the service may be made either upon the creditor or his agent or attorney, and if there be more than one creditor, or more than one agent or attorney, such creditors or such agents or attorneys, may reside at various distances from the place appointed, and service upon either is sufficient; and so the time of service and length of notice required would· be different according to the varying distances at which they respectively lived from the place appointed. It cannot be that a contract of record entered into by a surety can be subject to such uncertainties. Its language is satisfied by the delivery of the party for the purpose named.

In this case, the party did surrender himself in full season to have the examination take place and the oath administered within the thirty days. He procured a proper notice to that end from the magistrate, delivered it to a proper officer, but by the mistake of that officer, and without the fault of the debtor, service of the notice was not properly made. The debtor, however, appeared before the magistrate on the day appointed, and, finding that service of his notice had failed, procured a new one, which was properly served. The return day of that notice was beyond the thirty days.

It will be observed that the statute does not require the magistrate to administer the oath or complete the examination within the thirty days; for the same section of the statute provides that the debtor shall appear before the magistrate " at the time fixed for his examination, and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon." There is no limit to the power of the magistrate in adjourning. He must

exercise his judicial discretion, and may adjourn from time to time as the exigencies of the case may require. There is no limit to the length of examination by the creditor. He may continue his examination from time to time till long after the expiration of the thirty days. It is not an answer to this to say that it is sufficient if the examination is commenced within the thirty days. The notice may be returnable several days before the expiration of the thirty days, and on the day of its return all the parties may be present, and an exigency may require an adjournment, or several adjournments, to a day beyond the thirty days before the examination actually begins.

We think the true question is, When did the jurisdiction of the magistrate commence? and if that jurisdiction attaches within the thirty days and is continued to the final discharge, such discharge is sufficient, although it is not granted until after the expiration of the thirty days. This is the more natural, if it be not the necessary, meaning of the words of the statute. The power of a magistrate over the party begins when he issues the notice. The duty imposed by the statute upon the debtor is as imperative to appear at the time for examination as from time to time during such examination, or as to obey any other order of the magistrate, or to abide his final order. This construction of the statute is the natural one; it renders simple and certain the course of proceeding, and is uniform in its operation at all times and under all circumstances. As a contract on the part of the debtor to give himself up to the jurisdiction of a magistrate within thirty days from entering into the recognizance, it is a simple, plain, intelligible contract, such as a contract of record should be, and under no circumstances can there be a doubt as to its breach. Under the last notice, in the case at bar, the magistrate acquired jurisdiction within the thirty days; there was, therefore, no breach of the recognizance. The Superior Court so held, and ordered judgment for the defendant, which judgment must be                    *Affirmed.*