ROBERT W. WILLIAMS & another *vs.* CHARLES KIMBALL.

Suffolk. Jan. 9. — Sept. 8, 1883. FIELD & W. ALLEN, JJ., absent.

The provision of the Gen. Sts. *c.* 124, § 13, that a notice of the time and place appointed for the examination of a poor debtor shall be served "by giving to the plaintiff or creditor, his agent or attorney, an attested copy thereof," is not complied with by leaving such copy at the residence of the creditor's attorney.

At the trial of an action against an officer for neglecting to serve a notice of the time and place appointed for the examination of a poor debtor, it appeared that the officer left the notice at the residence of the creditor's attorney, who was sick in bed, unable to attend to business; and that the officer called there the next day. The attorney testified that he then sent a message to the officer that he had received the notice and had sent it to another attorney, who would attend to it; but there was conflicting evidence as to what the message was. The defendant asked the judge to rule, that, "if the creditor's attorney made no objection to the mode of service when he called, he could not afterwards take advantage of the manner in which it was served." *Held,* that this request was properly refused; and that the question of waiver was rightly submitted to the jury.

If, at the time and place appointed for the examination of a poor debtor, the creditor's attorney appears before the magistrate and files a special appearance, reserving all objections to the notice of the hearing and service thereof, but not specifying the alleged informalities in the service, and the debtor is sworn, and, on motion of the creditor's attorney, not specifying as a reason therefor a desire to get time to present the question of jurisdiction, the hearing is adjourned to a future day, the attorney takes such part in the proceedings that he waives his objection to the sufficiency of the service, especially if a new notice could have been given to the creditor, had the informalities in the service been pointed out.

CONTRACT, with a count in tort, by a judgment debtor and the surety on his recognizance, against the sheriff of Middlesex, for the alleged neglect of one of his deputies to serve a notice of the time and place appointed for the examination of the debtor. After the former decision, reported 132 Mass. 214, the case was tried in the Superior Court, before *Mason,* J. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. J. McIntire & G. A. Perkins,* for the defendant.

*B. Wadleigh & F. L. Wellman,* for the plaintiffs.

MORTON, C. J. The first question in this case is whether the service of the notice by the defendant was sufficient.

The statute applicable to the case requires that the notice shall be served "by giving to the plaintiff or creditor, his agent

or attorney, an attested copy thereof." Gen. Sts. c. 124, § 13. Formerly such a notice was required to be served upon the creditor or his attorney, "by reading it to him." Rev. Sts. c. 98, § 3. St. 1787, c. 29, § 1. In 1844, the law was changed, so that the notice was to be served upon the creditor or attorney, "by giving him in hand a copy thereof, attested by the officer." St. 1844, c. 154, § 3. Both of these provisions clearly import a strictly personal service.

The St. of 1855, c. 444, § 4, provided that the notice should be served "by giving him an attested copy thereof;" and this provision continues to the present day. St. 1857, c. 141, § 4. Gen. Sts. c. 124, § 13. Pub. Sts. c. 162, § 32. There is no reason to suppose that, in the St. of 1855 and the subsequent statutes, by omitting the words "in hand," the Legislature intended to make any change in the mode of service. Giving a copy to the creditor means the same as "giving in hand " a copy. In the statutes as to the service of a summons in a civil action, the provision is that it may be served "by reading it to the defendant, or by delivering to him a copy thereof attested by the officer." Gen. Sts. c. 123, § 23. This is immediately followed by a provision in § 25, that, "if the summons is not served personally on the defendant," it may be left at his last and usual place of abode, clearly implying that the service provided by § 23 was understood and intended to be a personal service. The expressions " delivering a copy " and " giving a copy " mean the same thing, and each imports that the copy is to be handed to a person who must be in the presence of the officer. Sending a copy by mail or by the hands of a third person is not a sufficient service, although the officer may be satisfied that it reached the person for whom it was intended. The law intends that, before he can make his return, which for many purposes is conclusive, he shall have personal knowledge that the copy was given to the creditor or attorney.

In this case, the defendant did not make personal service upon Jones, the attorney of the creditor, but left the copy at his residence; and his service was therefore insufficient, and did not justify his return that he had "served" the notice upon Jones, the attorney. This being so, it was undoubtedly competent for Jones to waive the irregularity of service. The defendant

contended at the trial that there was a waiver by Jones on the morning of February 13, the day after he left the notice, when he called at Jones's house; and he asked the court to rule that, "if the creditor's attorney made no objection to the mode of service to the officer when he called, he could not afterwards take advantage of the manner in which it was served." If Jones had been well, and, in an interview with the defendant, had acknowledged the receipt of the notice, and made no objection to the mode of service, it would have been strong, if not conclusive, evidence of a waiver of the irregularity of service. *Mutual Ins. Co.* v. *Woodward*, 8 Allen, 148. But the evidence showed that Jones was sick in bed, unable to attend to business; if he sent a message to the defendant that he had received the notice and had sent it to another lawyer who would attend to it, as he testified, this would not, as matter of law, amount to a waiver. There was conflicting evidence as to what the message was; and the court properly refused the defendant's request, and rightly submitted the question of waiver to the jury.

The defendant also contended that there was a waiver by the attorney to whom Jones sent the notice, by his proceedings before the magistrate. This question was referred to in the opinion at the former hearing of this case, but was not decided, because not raised by the bill of exceptions.

If service of the notice is irregular, the magistrate acquires no compulsory jurisdiction over the creditor, who may entirely disregard the notice and treat the proceedings as invalid and of no effect as to him; or he may appear generally, and thus waive the defect of service; or he may, if he sees fit, appear specially for the purpose of objecting to the jurisdiction. If he adopts the latter course, it is his duty promptly to make his objection to the jurisdiction. He cannot, consistently with good faith, conceal the defect of service from the magistrate and debtor, and take part generally in the proceedings. If he does so, he waives his objection. By referring any question to the magistrate other than that of the jurisdiction itself, he acknowledges that jurisdiction.

In this case the creditor's attorney appeared before the magistrate at the time fixed for the examination, and filed a special appearance, reserving all objections to the notice and service, but not specifying the alleged informality in the service. The

debtor was sworn, and, on the motion of said attorney, the hearing was adjourned to a future day. If the attention of the magistrate was called to the defect of service, and the motion for an adjournment was made specially to get time to present this question of jurisdiction, there would be no waiver of the objection. But, on the other hand, if the motion was made generally in the course of the proceedings, it would be an acknowledgment of the jurisdiction, and a waiver of the special appearance. *McInerny* v. *Samuels*, 125 Mass. 425. If the creditor had promptly made and insisted upon his objection to the service, the debtor could have taken out a new notice. By the adjournment, the time was postponed, so that it was too late for the debtor to procure a new notice, and thus save a breach of his recognizance. Thus the creditor took part in the proceedings and acknowledged the jurisdiction of the magistrate, and availed himself of it to the disadvantage of the debtor. Perhaps the facts are not fully stated; but, by the fair construction of the bill of exceptions as it stands, it seems to us that the creditor's attorney took such part in the proceedings that he waived his objections to the sufficiency of the service, and therefore that the defendant's request for an instruction to that effect should have been granted.                    *Exceptions sustained.*