FRANKLIN F. MARPLE *vs.* GEORGE D. BURTON.

Suffolk. Jan. 18. — Feb. 25, 1887. HOLMES & GARDNER, JJ., absent.

The condition of a recognizance entered into by a poor debtor, under the Pub. Sts. *c.* 162, § 28, that within thirty days from the day of his arrest he will "deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof" as by law provided, does not require him to have the notice served upon the creditor within the thirty days.

CONTRACT upon a poor debtor's recognizance, entered into on October 27, 1885, by Albert W. Mann as principal, and the defendant as surety, and containing, among the usual conditions, that Mann should, within thirty days from said October 27, "deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof" as by law provided. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows:

The plaintiff recovered judgment against Mann on July 1, 1885, for $715 damages and $20.63 costs, and execution therefor was issued on October 27, 1885. On the same day, Edward J. Jenkins, a commissioner of insolvency, after due hearing, annexed to the execution his certificate authorizing the arrest of Mann. On this execution Mann was arrested in Boston on said October 27, by a deputy sheriff, who took Mann before Wilmon W. Blackmar, a master in chancery, and then and there Mann as principal, and the defendant as surety, entered into the recognizance in suit.

On November 25, 1885, in business hours, Mann went personally to Blackmar, at his office, and informed him that he was ready for examination, and wanted him to issue notice thereof. Blackmar immediately issued due notice of said examination, to take place on November 27, 1885, at two o'clock P. M., at his office.

Mann took the notice, and immediately, on the same day, during business hours, delivered it to a deputy sheriff for service, with directions to serve it on that day. The officer undertook to make service upon the plaintiff's attorney upon said November 25, and called at his office for that purpose, but said attorney not being in, no service was made on that day. November 26,

1885, was Thanksgiving day, and the officer duly served said notice upon the plaintiff's attorney on November 27, 1885, at 11.55 A. M. Said service was made at the court-house in Boston, which is about one tenth of a mile from Blackmar's office. The debtor appeared at the time and place appointed for said examination, but no one appeared in behalf of the creditor, and the examination was duly adjourned to the same place on December 26, 1885, at ten o'clock in the forenoon, when and where the debtor appeared and waited more than an hour, and, no one appearing in behalf of the creditor, the debtor was duly discharged by said magistrate.

If the notice of examination could be lawfully served after the expiration of the thirty days, judgment was to be entered for the defendant; otherwise, for the plaintiff.

*E. R. Champlin*, for the plaintiff.

*R. P. Clapp*, for the defendant.

C. ALLEN, J. The only question in this case is whether a debtor, who has been arrested on execution, and has recognized with surety, with condition that, within thirty days from the day of his arrest, he will deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof, as provided in the Pub. Sts. c. 162, § 28, must have the notice served upon the creditor within the thirty days. This question, though not directly involved in *Barnes* v. *Ladd*, 130 Mass. 557, was discussed, and the court declared that the statute implied nothing more than that the debtor should present himself to the magistrate for the purpose of initiating the proceedings for his examination and discharge. It is now contended that this construction enables a magistrate to issue a notice returnable a long time after the expiration of the thirty days, which fact might not be known to the creditor till long afterwards. This is possible, if the magistrate should be willing so far to misconduct himself; but the construction of the statute is hardly to be tested by the supposition of an extreme case of this sort. The inconveniences of the construction contended for by the plaintiff are pointed out in *Barnes* v. *Ladd*, and the opinion there given has no doubt been acted on as expressing the duty of a debtor, and must now be adhered to.

*Judgment affirmed.*