FIRST NATIONAL BANK OF ITHACA *vs.* THOMAS GOGIN.

Suffolk.    January 21, 1889. — February 4, 1889.

Present : MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Poor Debtor — Recognizance — Examination.*

If a magistrate, by an error of judgment, and without collusion with a poor debtor, who has delivered himself up for examination as required by a recognizance entered into by him, under the Pub. Sts. c. 162, § 28, upon his arrest on execution, fixes a time for the examination more than sixty days distant, of which notice is duly given to the creditor and at which the debtor appears and is discharged, there is no breach of the recognizance.

CONTRACT on a poor debtor's recognizance, entered into under the Pub. Sts. c. 162, § 28, on March 19, 1887, by one Prall as principal, and the defendant as surety, and containing a condition, among others, that Prall should within thirty days from said March 19 " deliver himself up for examination before some magistrate authorized to act in such cases, first giving notice of the time and place of such examination," as by law provided.

The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, in substance as follows.

Prall, against whom judgment had been recovered by the plaintiff, and who was duly arrested on execution on April 13, 1887, within thirty days after the giving of the recognizance, applied to a magistrate authorized to act in such cases to take the oath for the relief of poor debtors. The magistrate thereupon issued notice thereof to the plaintiff in the usual form, in which " the eighteenth day of June, 1887, at four of the clock in the afternoon," was appointed as the time for the examination of the debtor, which notice was duly served. The debtor duly appeared on the return day of such notice, and was discharged. The plaintiff contended that the return day of the notice could not be postponed for so long a time from its date.

If the notice was legal and sufficient, judgment was to be entered for the defendant ; otherwise, for the plaintiff.

*H. N. Sheldon,* for the plaintiff.

*J. W. Converse,* for the defendant.

BY THE COURT. The obligation assumed by the defendant in the recognizance was that the debtor should within thirty days from the day of his arrest deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof, and appear at the time and place fixed for his examination, and abide the final order of the magistrate. The time and place of the examination is to be appointed by the magistrate, and not fixed by the debtor. If the arrest is on an execution, the statute fixes no time within which the examination shall be commenced. It is left to the discretion of the magistrate to fix the time for the examination, the only limitation being that it must be so far ahead as to enable the notice to be given to the creditor which is required by the statute.

In the case at bar, the debtor did all that the recognizance required of him, and there has been no breach of it. If the magistrate erred in judgment in fixing so remote a day for the examination, it was not the fault of the debtor, in the absence of any proof of collusion, and the surety ought not to be held responsible. The debtor has delivered himself up within thirty days, and has obeyed all the orders of the magistrate whose jurisdiction then attached, which is all that the surety undertook that he should do. *Barnes* v. *Ladd,* 130 Mass. 557.

*Judgment for the defendant.*