NATHAN B. EAMES & another *vs.* JOSEPHINE E. RICE.

Middlesex.    November 15, 1892. — January 3, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Poor Debtor — Recognizance — Correction by Court of Defect in Notice to Creditor before Service — Breach.*

If a debtor, who has entered into a recognizance under the Pub. Sts. c. 162, § 28, duly surrenders himself within the thirty days required by the statute to a proper court, and procures the issuing of a notice to the creditor of the time and place fixed for his examination, but before service thereof a defect in form is discovered, which is corrected by the court after the thirty days have expired and the notice is served in its amended form, under which the debtor appears and receives his discharge, there is no breach of the recognizance.

CONTRACT upon a poor debtor's recognizance, entered into under the Pub. Sts. c. 162, § 28, by Isaac L. Rice as principal, and by the defendant as surety. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*C. W. Clark,* for the plaintiffs.

*G. F. Piper,* for the defendant.

ALLEN, J.    The debtor duly surrendered himself within the thirty days to a proper court, and procured the issuing of a notice of the time and place fixed for his examination, but before service thereof the notice was thought by the court to be insufficient in form, by reason of not stating that the debtor had been arrested on an execution in favor of the judgment creditors, and that the time fixed was for the examination of the debtor. These errors therefore were corrected after the thirty days had expired, and a later time fixed for the examination, probably for the reason that otherwise the time allowed for service was

short, as a Sunday intervened between the date of the notice and the time originally fixed for the examination. The notice was served in its amended form, and the debtor appeared at the time fixed therein, but the creditors did not appear, and the debtor was discharged.

It is expressly contemplated, in Pub. Sts. c. 162, § 33, that if the original notice has been actually served, but is insufficient in form of service, a new notice may be given at once. It has been held that if the original notice is good, and has been duly served, no new notice can be given until the expiration of seven days from such service. *Hastings* v. *Partridge*, 124 Mass. 401. But in the present case the original notice was not good, at least it was so assumed by the court, and it had not been served. If insufficient in form, and if it had been served, then clearly under the above section the court might at once have issued a new and corrected notice. If the defect in the form of the notice is discovered before service, there is no good reason why it should not at once be corrected, and served in its amended form. The mistake is the mistake of the court, and not of the debtor. If the court had fixed a time too remote, the fault could not be attributed to the debtor. *First National Bank of Ithaca* v. *Gogin*, 148 Mass. 448. So here. The jurisdiction of the court began when the debtor delivered himself up. The original notice was issued within the thirty days. The form of the notice was peculiarly a matter for the court. If before the service it was found that there was a defect in the notice, the proper course for the court to pursue was to correct it as soon as possible. This was done. Whether the notice as corrected is to be deemed a new notice, or the original notice amended, is immaterial. It was not necessary to wait till a fruitless service had been made before correcting the mistakes. The debtor failed in nothing which the surety undertook that he should do. The notice need not be served within the thirty days. *Marple* v. *Burton*, 144 Mass. 79. The creditor gained no rights by reason of the mistake of the court, or of its correction by the court.

*Judgment for the defendant affirmed.*