### H. B. SMITH COMPANY *vs.* JUDGE OF THIRD DISTRICT COURT OF EASTERN MIDDLESEX.

Middlesex.    March 29, 1923. — September 13, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, & CARROLL, JJ.

*Poor Debtor.    District Court.    Judgment.*

If a judgment debtor, who has been arrested on mesne process, has recognized under G. L. c. 224, § 20, that " within thirty days from the day of his arrest he will deliver himself up for examination before a district court, giving notice of the time and place therof " and will otherwise conform to the requirements of the statutes, and within the thirty days he has caused a notice to be issued by a judge of a district court as prescribed in § 23 of the statute, returnable after the thirty days, a failure by him to cause the notice to be served as prescribed by § 24 constitutes a breach of the recognizance and the court has no jurisdiction to issue a new notice, although the failure of the debtor to serve the notice was by reason of a misunderstanding on his part or on the part of his attorney.

Review by RUGG, C.J., of decisions relating to notice by a judgment debtor applying for leave to take the oath for relief of poor debtors.

G. L. c. 223, § 84, respecting supplementary process, has no application to proceedings under c. 224 relating to poor debtors.

A judge of a district court, when, on the return day of a notice issued under G. L. c. 224, § 23, upon an application by a judgment debtor for leave to take the oath for relief of poor debtors, it appeared that the debtor had not served the notice as required by § 24, denied an application by the debtor for a new notice. *Held*, that such decision was a final order and adjudication of the only matter pending before the court and that the court had no jurisdiction thereafter to revise the former decision or to issue a new notice.

PETITION, filed on January 23, 1923, for a writ of prohibition prohibiting the respondent from issuing a notice to the petitioner, a judgment creditor, of the desire of Henry J.

Magurn, judgment debtor, to take the oath for the relief of poor debtors or from attempting to take jurisdiction or in any way taking further proceedings in the matter of the debtor's application to take such oath.

Allegations in the pleadings are described in the opinion. The cause was heard by *Pierce*, J., upon petition and answer without oral evidence, but together with the written objections of the petitioner filed in the District Court on January 5 and 19, 1923, as described in the opinion, which were admitted by consent. The single justice, being of opinion that the writ ought not to issue, denied the petition as a matter of law and reserved and reported the cause upon the petition, the answer and the written objections for determination by the full court.

*F. L. Norton*, for the petitioner.

*A. E. Lamb*, for the respondent.

RUGG, C.J.  This is a petition for a writ of prohibition. It was denied as matter of law and reported. The plaintiff, a judgment creditor, caused the arrest on mesne process of his debtor, one Magurn, on November 22, 1922, who " on the same day recognized with surety that within thirty days from the date of his arrest he would deliver himself up for examination before a Police, District or Municipal Court, or a Trial Justice, giving notice of the time and place thereof as provided by law and appear at the time fixed for his examination and from time to time until the same is concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon." On December 20, 1922, he delivered himself up for examination before the respondent, gave notice of his desire to take the oath for the relief of poor debtors, and procured the issuance of a notice to the plaintiff returnable on January 5, 1923, but did not cause the notice to be served. On January 5 he appeared without counsel. The creditor appeared specially at the same time and objected to the jurisdiction of the court on the ground of the failure of the debtor to have the notice served. The debtor stated that he had placed the notice in the hands of his lawyer and that it had been

returned to him with a letter telling him that he could attend to the matter himself by appearing in court on January 5, 1923, and had not been told that he must have service made on the notice. The debtor asked if he could not be given further time for service of the notice, or if something could not be done for him. The respondent ruled that he had lost jurisdiction through the debtor's failure to cause the notice theretofore issued to be served, and dismissed the debtor's application to take the oath for the relief of poor debtors. The record of the court was, " January 5, 1923 — No service of notice. Debtor requests a new notice. Request denied. Application dismissed." On January 12, 1923, the debtor with a new attorney appeared before the respondent, requested revision of his ruling as to jurisdiction made on January 5, 1923, and asked for another notice fixing a further day for his examination. The court record of January 12, 1923, is, " Debtor requests a new notice, hearing set for January 19, 1923, at 9 A.M. by order of Court." On January 19, 1923, the creditor appeared specially and objected to the jurisdiction of the court. Hearing was had on this motion and the respondent stated that he believed he was in error in ruling on January 5, 1923, that he had no jurisdiction to issue a second notice, and that he proposed on January 26, 1923, to issue a new notice. In the meantime this petition was brought.

Proceedings as to the taking of the oath for relief of poor debtors are strictly statutory. They are found in G. L. c. 224. It is provided in § 20 that an arrested debtor may recognize that " within thirty days from the day of his arrest he will deliver himself up for examination before a District Court, giving notice of the time and place thereof " and will otherwise conform to the requirements of the statutes. The form of the notice is prescribed by § 23. By § 24 " Such notice shall be served by an officer qualified to serve civil process " with specifications as to time of service before the time fixed for examination and the person on whom service may be made.

1. The question thus presented as to compliance with the

recognizance given under the poor debtor law seems to render wise a review of some of our decisions.

The condition of the debtor's obligation required him to deliver himself up in person to the magistrate and to procure the issuance of a notice within thirty days from the date of his arrest. *Barnes* v. *Ladd,* 130 Mass. 557. *Howard* v. *Roach,* 226 Mass. 80. The notice, although required to be issued within the same thirty days, need not be served within that time. *Marple* v. *Burton,* 144 Mass. 79.

In *Eames* v. *Rice,* 157 Mass. 508, the debtor seasonably procured the issuing of a notice, but before service the notice was thought by the court insufficient in form. These errors were corrected after the thirty days expired and a later time was fixed for the examination. The notice as amended was served, and the question presented was whether there was breach of the recognizance. " It is expressly contemplated, in Pub. Sts. c. 162, § 33 [G. L. c. 224, § 25], that if the original notice has been actually served, but is insufficient in form of service, a new notice may be given at once. It has been held that if the original notice is good, and has been duly served, no new notice can be given until the expiration of seven days from such service. *Hastings* v. *Partridge,* 124 Mass. 401. But in the present case the original notice was not good, at least it was so assumed by the court, and it had not been served. If insufficient in form, and if it had been served, then clearly under the above section the court might at once have issued a new and corrected notice. If the defect in the form of the notice is discovered before service, there is no good reason why it should not at once be corrected, and served in its amended form. The mistake is the mistake of the court, and not of the debtor. If the court had fixed a time too remote, the fault could not be attributed to the debtor. *First National Bank of Ithaca* v. *Gogin,* 148 Mass. 448. So here. The jurisdiction of the court began when the debtor delivered himself up. The original notice was issued within the thirty days. The form of the notice was peculiarly a matter for the court. If before the service it was found that there was a defect in the notice, the proper

course for the court to pursue was to correct it as soon as possible. This was done. Whether the notice as corrected is to be deemed a new notice, or the original notice amended, is immaterial. It was not necessary to wait till a fruitless service had been made before correcting the mistakes. The debtor failed in nothing which the surety undertook that he should do. The notice need not be served within the thirty days. *Marple* v. *Burton*, 144 Mass. 79. The creditor gained no rights by reason of the mistake of the court, or of its correction by the court." In *Ryder* v. *Ouellette*, 194 Mass. 24, the debtor seasonably delivered himself up for examination but never 'gave any notice to the creditor. The court said, " It is no excuse that the court refused to issue the notice. For aught that appears the court refused to issue the notice for the reason that it could not be served in time. But, however that may be, the debtor takes upon himself the risk of proper notice being given to the creditor." In *Henderson* v. *Parsons*, 211 Mass. 69, 71, a debtor seasonably applied to the court for the issuance of a notice, but " through the clerk's delay, the notice did not actually issue, nor was it served, until more than thirty days had elapsed from the date of arrest. . . . The notice and service were invalid, and, it being too late to give a new notice, the condition of the recognizance was broken."

The decision in *Barnes* v. *Ladd*, 130 Mass. 557, is not pertinent to the precise point to be decided, because in that case the first notice failed of service by mistake of the officer to whom it was delivered for service, but within the thirty days from arrest a new notice issued which properly was served. In that connection the court said, " The power of a magistrate over the party [debtor] begins when he issues the notice. . . . As a contract on the part of the debtor to give himself up to the jurisdiction of a magistrate within thirty days from " the arrest, " it is a simple, plain, intelligible contract, such as a contract of record should be, and under no circumstances can there be a doubt as to its breach. Under the last notice, in the case at bar, the magistrate acquired jurisdiction within the thirty days; there was, therefore, no breach of the recognizance." The case of

*Whittier* v. *Way*, 6 Allen, 288, is not relevant because it does not appear from the report what the vital dates were, and they all may have been within thirty days of the arrest; but it was said respecting an imperfect service of notice that if " the debtor would save himself and his sureties from the consequence of a breach of this part of the condition of the recognizance, he should have procured a new notice, and have caused it to be duly served . . . ."

The facts in *Williams* v. *Kimball*, 135 Mass. 411, were that service of a notice seasonably taken out was insufficient. The court said, " If service of the notice is irregular, the magistrate acquires no compulsory jurisdiction over the creditor, who may entirely disregard the notice and treat the proceedings as invalid and of no effect as to him." Apparently in that case no attempt was made to procure a new notice and cause it to be served properly. In *Thacher* v. *Williams*, 14 Gray, 324, 329, occurs this: " omission on his [the debtor's] part . . . to give due notice to his creditor, renders the performance of the condition of the recognizance impossible."

The result of all these decisions appears to be that the debtor must both (1) deliver himself up in person for examination, and (2) take out notice to the creditor of the time and place fixed for his examination within thirty days from the date of his arrest. These are the vital conditions. If the notice issued is defective in form, that is the fault of the court for which the debtor is not responsible, and it may be corrected even after the expiration of the thirty days. But if the court refuses to issue any notice at all, there is a breach of the recognizance.

It seems to follow from these decisions that where the debtor, through the default or misunderstanding of himself or of his attorney, makes no attempt to serve the notice before the time set for the examination, then he has failed in the condition of the recognizance. He has failed in the performance of a duty placed directly on himself by the terms of the recognizance. § 20.

The debtor is not aided in this particular by G. L. c. 223, § 84, respecting supplementary process. The provisions

of c. 224 are exclusive concerning arrest on civil process. By its § 25 the provision is made for new notice in the only instances intended by the Legislature. That section does not aid the debtor because he does not come within its scope, having utterly failed to make any attempt to serve the notice.

It is apparent from the narration of proceedings before the respondent that for another reason on January 12, 1923, he did not have jurisdiction to issue a new notice. He had finally decided on January 5, 1923, the only matter pending before him. On that date he had made his final order and adjudication. His jurisdiction over the debtor's application was then at an end. *Russell* v. *Goodrich*, 8 Allen, 150. There was no mistake or misunderstanding on his part as to the nature or effect of his decision. The record conformed to his intention. *Karrick* v. *Wetmore*, 210 Mass. 578. The case is on this point distinguishable from that large class of cases where the court corrects mistakes in its records in order to make them conform to the facts. *Stickney* v. *Davis*, 17 Pick. 169. *Capen* v. *Stoughton*, 16 Gray, 364. *Lucy* v. *Dowling*, 114 Mass. 92.

Since the action of January 5, 1923, was a final disposition of the debtor's application, cases like *Waucantuck Mills* v. *Magee Carpet Co.* 225 Mass. 31, illustrative of the power of a magistrate to alter his decision respecting an interlocutory matter before final judgment, are not relevant. Compare *Goulis* v. *Judge of Third District Court*, ante, 1. In *Sallinger* v. *Hughes*, 235 Mass. 104, the judge changed his mind on the same day and before his jurisdiction had come to an end by final decision. It is the general rule that, when a case has been disposed of finally, further power of the court to deal with it save in the ways provided by the statute is gone. *White* v. *Gove*, 183 Mass. 333, 340.

*Writ to issue.*