WILLIAM KALBRITAN *vs.* WALTER ISIDOR.

Suffolk.    January 25, 1926. — May 24, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Poor Debtor,* Notice to creditor of desire to take oath.    *Constable.*    *Actionable Tort.*

To entitle a judgment debtor, who has made application to take the oath for the relief of a poor debtor, to a new notice to the judgment creditor under G. L. c. 224, § 25, on the ground that an officer after diligent search had been unable to make service of the preceding notice, it must appear by the officer's return or otherwise that the service was attempted at a time when legal service could have been made under § 24 of the statute.

An officer cannot make valid service of a process issued under G. L. c. 224, § 24, which was not delivered to him until after the hour set for the examination of the debtor.

At the hearing by a judge of a municipal court of an action of tort by a judgment creditor against a constable for a false return on a notice to the creditor under G. L. c. 224, § 24, which formed the basis for a new notice under § 25 on the return day of which the oath was administered to the debtor, a finding, upon evidence warranting it, that conduct of attorneys who had acted for the judgment creditor in the trial of the original action did not amount to a waiver of defective service of the first notice which had been made before it was delivered to the defendant for service, is not subject to review by this court on an appeal by the defendant from an order by the Appellate Division dismissing a report by the trial judge who had found for the plaintiff.

A false return by a constable upon a notice issued to a judgment creditor under G. L. c. 224, § 24, which was not delivered to him for service until, without proper service having been made or waived, the hour set therein for the examination of the debtor had passed, does not furnish ground for the maintenance of an action of tort by the creditor against the constable for damages resulting when a new notice was issued under § 25, was properly served and on its return day the debtor was examined and was permitted to take the oath; since the debtor's recognizance was broken before the first notice was delivered to the constable and the subsequent proceedings based on his alleged false return did not affect the creditor's rights.

TORT against a constable of the city of Boston for damages alleged to have resulted from a false return. Writ in the

Municipal Court of the City of Boston dated January 22, 1923.

Material evidence and requests by the defendant for rulings at the trial in the Municipal Court are described in the opinion. There was a finding for the plaintiff in the sum of $553.75, and, at the defendant's request, the judge reported the action to the Appellate Division, who ordered the report dismissed. The defendant appealed.

*D. Flower*, for the defendant.

*J. E. Eaton, E. T. McKnight, & R. G. Wilson, Jr.*, for the plaintiff, submitted a brief.

SANDERSON, J. This is an action against an officer to recover damages for a false return upon a notice to the creditor in poor debtor proceedings. The debtor, named Ditelberg, having been arrested on or about June 29, 1922, by a deputy sheriff on an execution issued upon a judgment in an action of tort recovered by the plaintiff in the Superior Court, entered into a recognizance with surety conditioned upon the debtor's giving himself up for examination within thirty days from the day of his arrest, pursuant to the provisions of G. L. c. 224, § 20. On July 19, 1922, the debtor appeared in the Municipal Court of the City of Boston and made application to take the oath for the relief of poor debtors. Notice was issued on that day directed to the plaintiff, returnable at 9:30 A.M. August 2, 1922. On July 19, 1922, the attorney for the debtor handed the original notice to an attorney who had principally conducted the trial of the original case, but who did not make the writ and was not attorney of record in the case. He was in the offices with, but at no time a member of, the firm who with another attorney were counsel of record for the plaintiff in the original action. The attorney for the debtor testified that when on July 19 he handed the notice to the attorney who tried the case, he said "Will you be there?" and the attorney receiving the notice replied "Sure." The original notice was then taken by the last mentioned attorney and placed among the papers in the case, where it remained until August 2, 1922; prior to this date, however, the attorney who received the notice, being about to leave on a vacation,

informed one of the attorneys of record that he would find in the Kalbritan folder a notice that the debtor's attorney had handed to him.

On August 2, 1922, the debtor appeared with his attorney at the calling of the list in the poor debtor session of the Municipal Court. Upon being informed that the original notice had not been returned to the court, the attorney told the court of the delivery of the notice to counsel who tried the case and of his promise to be present, and requested that the case be held open to give him an opportunity to procure the notice. The request was granted and the attorney visited the office of counsel of record, told one of them of the hearing to take place that morning, and obtained the notice from him. The creditor's attorney then told the debtor's attorney that he was under no obligation to attend the poor debtor court because the notice had not been properly served. Immediately after this conversation, at about 11 A.M. on August 2, 1922, the debtor's attorney delivered the original notice to the defendant Isidor, a constable of the city of' Boston qualified to serve civil process, with instructions to proceed at once to the office of counsel of record and serve one of them, naming him, with a copy of it. The officer then made some attempt to find the attorney named and also to find the officer who made the arrest, and he made some inquiries to ascertain the address of the plaintiff, and filed in court a return, dated August 2, 1922, that he had made diligent search for the judgment creditor, his last and usual place of abode, his attorney, agent or officer who made the arrest, and had failed to find either within his precinct and returned the notice without service.

The attorney for the debtor thereupon applied for a new notice to the creditor returnable August 9, and the court, in reliance upon the return made by the defendant, ordered the second notice to issue. Service of this notice was made on counsel of record on August 5. This was the first notice of the desire of the debtor to take the oath for the relief of poor debtors served by a duly qualified officer upon any person. The attorney for the creditor on August 9 appeared specially with a motion that the notice returnable

August 9 be dismissed, alleging that there had been a breach of the recognizance; the motion was overruled on the ground that the court was unable to go behind the officer's return, and the debtor was permitted to take the oath despite the protest of, and without examination by counsel for, the creditor. Upon the trial of this action against the officer, the judge denied certain requests of the defendant for rulings and found for the plaintiff. Upon report the case was dismissed by the Appellate Division of the Municipal Court and the defendant appealed to this court.

The debtor's recognizance bound him to deliver himself up in person to the magistrate and to procure the issuance of a notice within thirty days from the date of the arrest. The return day and service, however, may be after the expiration of that period. *Barnes* v. *Ladd,* 130 Mass. 557. *Marple* v. *Burton,* 144 Mass. 79. The debtor had the duty to make proper service of the notice and to prove to the court that there had been such service as would make it the duty of the tribunal to take jurisdiction. *Buckley* v. *Mitchell,* 165 Mass. 106. *Bliss* v. *Kershaw,* 180 Mass. 99. *Ryder* v. *Ouellette,* 194 Mass. 24. Without such service and proof the court had no jurisdiction to proceed with the examination. If the first notice to the creditor in poor debtor proceedings is insufficient in form or service, a new notice may be given within seven days from the service of the first. G. L. c. 224, § 25. If the insufficiency is in form the correction may be made and a new notice issue before service and after thirty days from the issuance of the first notice. In such a case the debtor has failed in nothing that he has undertaken. The responsibility for the insufficiency is on the court and not on the debtor. *Eames* v. *Rice,* 157 Mass. 508. To entitle the debtor to a new notice within seven days from the proper service of the previous one, he has the burden of proving such insufficiency. *Browne* v. *Hale,* 127 Mass. 158, 163. *Millett* v. *Lemon,* 113 Mass. 355. Insufficiency of service means something more than a mere omission to make service. The debtor does not prove insufficient service unless it appears that there has been reasonable effort to make service

in accordance with G. L. c. 224, § 24, at a time when service legally could be made. "... the jurisdiction of the magistrates, and their authority to administer the oath and grant a discharge to the debtor, depend upon a compliance with the preliminary requisites of the statute, in regard to the notice to the creditor and its due service on him." *Park* v. *Johnston*, 7 Cush. 265, 266. A creditor may properly insist that the full time allowed by statute be given him and if it appears from the return that legal service may not have been made the discharge of the debtor would not be a defence to an action on the recognizance. *Smith* v. *Randall*, 1 Allen, 456. "... the question of the regularity of the notice and other proceedings connected with the examination of a poor debtor are always open to inquiry, and are not concluded by the magistrate's certificate of the administration of the oath." *Smith* v. *Randall*, 1 Allen, 456, 460. See *Henshaw* v. *Savil*, 114 Mass. 74. A discharge is void if made on a return that fails to show that the time required by statute was allowed. *Park* v. *Johnston, supra.* "After breach of the recognizance, the magistrate has no power to act further in the premises. The execution is *functus officio.*" *Morgan* v. *Curley*, 142 Mass. 107, 109. If the debtor relies on not being able to make service of a notice properly issued after diligent search by an officer, it must appear by the return or otherwise that the service was attempted at a time when legal service could have been made under G. L. c. 224, § 24; otherwise there would be a default in the recognizance. "... where the debtor, through the default or misunderstanding of himself or of his attorney, makes no attempt to serve the notice before the time set for the examination, then he has failed in the condition of the recognizance." *H. B. Smith Co.* v. *Judge of Third District Court of Eastern Middlesex*, 246 Mass. 190, 195.

No service could be made by the officer of a notice received by him for service after the hour set for examination of the debtor. The question, whether there was a waiver of service of the notice, presented a question of fact and we cannot say the finding that there was no waiver of service was wrong. The refusal of the trial judge to give the rulings to the effect that the defective service was waived by the plaintiff's coun-

sel on August 9, 1922, was right.   *Williams* v. *Kimball,* 135 Mass. 411.

Upon the facts found there had been a breach of the recognizance before the notice was delivered to the defendant to serve.   The return of the officer and the discharge of the debtor are not a bar to an action on the recognizance.   "... the breach of duty of a public officer which directly affects the rights of a private individual gives rise at once to a right of action."   *McKay* v. *Coolidge,* 218 Mass. 65, 68.   In such a case the individual would be entitled to nominal damages if no substantial damages are shown.   *Weld* v. *Bartlett,* 10 Mass. 470, 473.   *Laflin* v. *Willard,* 16 Pick. 64, 67. *Woods* v. *Varnum,* 21 Pick. 165, 168.   *West* v. *Rice,* 9 Met. 564, 568.   *Slocum* v. *Riley,* 145 Mass. 370, 371.   But in the case at bar the process was not delivered by the plaintiff's attorney to the defendant until the time had passed when it could legally be served, and the attempted service after that time and the return did not directly affect the plaintiff's rights.   The defendant was entitled to a ruling in his favor on the whole evidence.

> *Order dismissing appeal reversed.*
> *Judgment for defendant.*