## LUCY A. MARTIN *vs.* HUGH C. CAMPBELL & others.

Middlesex. Jan. 12. — March 2, 1876. COLT & ENDICOTT, JJ., absent.

The recognizance required by the provisions of the Gen. Sts. *c.* 137, upon an appeal from the judgment of a justice of the peace in a civil action, is the assent to the words of the magistrate to the effect that the conusors acknowledge themselves to be indebted to the other party in a specified sum to be paid if the party appealing fails to enter and prosecute his appeal. A certificate thereof by the magistrate, sent with the copies of the case to the court appealed to, operates as a return of the recognizance to that court.

At the bottom of a memorandum of a recognizance by an appellant from the judgment of a justice of the peace in a civil action, to prosecute his appeal, below the signature of the magistrate, was an attestation by him that the paper was "a true copy." *Held*, that this attestation might be treated as surplusage.

Upon an action by a conusee upon a recognizance to prosecute an appeal from the judgment of a justice of the peace in a civil action, the proper papers having been filed and an affirmation of the judgment obtained by the conusee, upon the failure of the conusor to enter his appeal, no further judgment of forfeiture or order that the recognizance be estreated is necessary to enable the conusee to enforce it.

The certificate of a recognizance to prosecute an appeal from the judgment of a justice of the peace, recited that the conusee recovered judgment against the conusors "for her title and possession in and to a certain piece of land, with the buildings thereon," describing them, "in a personal action" brought by the conusee against the conusors. *Held*, that this sufficed to show that the case was under the Gen. Sts. *c.* 137, §§ 5–9, and that the magistrate had authority and jurisdiction to take the recognizance.

The condition of a recognizance upon an appeal from the judgment of a justice of the peace in an action of forcible entry and detainer was, by the memorandum returned, that the conusors prosecute their appeal "and pay all rent due and to become due, and all intervening damages and costs." *Held*, that the expression "rent to become due" must be construed to mean intervening rent, and was in substantial conformity with the Gen. Sts. *c.* 137, § 9.

That a person was induced to become a surety on a recognizance by fraudulent representations does not affect the right of action against him of a conusee not a party to the fraud.

CONTRACT against Hugh C. Campbell, Ann Campbell, his wife, and John McGrady, the first two defendants being the principals, and the last the surety, on a recognizance entered into before a justice of the peace to prosecute an appeal from his judgment in a case under the Gen. Sts. *c.* 137. The principals were defaulted, and the surety alone defended.

At the trial in the Superior Court, before *Pitman*, J., the entering into the recognizance, the failure of the original defend-

ants to prosecute their appeal, the affirmation of the judgment of the justice of the peace in the Superior Court, and the subsequent proceedings to fix the liability of the surety, were all proved or admitted. It appeared that among the copies entered by the plaintiff with her complaint for the affirmation of judgment was the following paper:

" Commonwealth of Massachusetts. Middlesex, ss. Memorandum. That on the thirteenth day of April, in the year of our Lord one thousand eight hundred and seventy-four, H. C. Campbell, Ann Campbell and John McGrady, Junior, of that name, all of Stoneham, in the county of Middlesex, personally appeared before me, Dexter Bucknam, a justice of the peace in and for the county of Middlesex, and acknowledged themselves to be severally indebted unto Lucy A. Martin, wife of Charles W. Martin, of Winchester, in said county, in the respective sums following, to wit: the said Ann Campbell, H. C. Campbell, as principals, in the sum of six hundred dollars, and the said John McGrady, Junior, as surety, in the sum of six hundred dollars, to be levied on their goods or chattels, lands or tenements, and in want thereof upon their bodies, to the use of the said Lucy A. Martin in her own right, if default be made in the performance of the condition hereunder written.

" The condition of the above written recognizance is such, that whereas the said Lucy A. Martin, by the consideration of me, the said justice, at a court held by me, in said Stoneham, on the eleventh day of April current, recovered judgment against the said Ann Campbell and H. C. Campbell for her title and possession in and to a certain piece of land, with the buildings thereon, situate on the easterly side of Colincote Road, in said Stoneham, and costs of suit, taxed at eight dollars and thirty-seven cents, in a personal action brought by said Lucy A. Martin against said Ann Campbell and H. C. Campbell, from which judgment said Ann Campbell and H. C. Campbell appealed to the next Superior Court, to be holden at Cambridge, within and for the county of Middlesex, on the first Monday of June next: Now if the said Ann Campbell and H. C. Campbell shall and do prosecute their said appeal at said Superior Court with effect, and pay all rent due and to become due, and all intervening damages and

costs, then the above written recognizance to be void and of **no effect**; otherwise to abide in full force, power and virtue.

　　　　　　　" Dexter Bucknam, Justice of the Peace.

" A true copy.

　　　" Attest, Dexter Bucknam, Justice of the Peace."

This paper had remained on the files of the court with the other papers in the case. There was no other formal entry, estreatment or forfeiture of said recognizance than may appear from this recital. McGrady offered to show that he was deceived and fraudulently led, by others than the plaintiff, to enter into the recognizance aforesaid, supposing it to be a recognizance in a criminal case, and only for the appearance of the principal defendants; but the judge rejected the evidence as inadmissible.

The defendant thereupon asked the judge to rule that the recognizance was void, and that this action could not be maintained, upon these several grounds : " 1. That the recognizance did not appear to have been duly returned to, filed in and made a record of the court appealed to, and had not been duly estreated and forfeited. 2. That a husband and wife cannot be made joint principals in a recognizance. 3. That a recognizance, void as to principal, is void as to surety. 4. That the recognizance contains an obligation not warranted by the statute, and so is null. 5. That the caption does not show that the magistrate taking it had jurisdiction of the subject matter."

The judge withdrew the case from the jury, by consent of parties, and reported the same for the determination of this court, upon the agreement that if either of the objections above taken was fatal to the maintenance of this action, judgment was to be entered for McGrady; otherwise, judgment for the plaintiff, for the penal sum of the recognizance; unless the court should be of opinion that the evidence offered was wrongfully excluded, and that the defendant has a right to go to the jury thereon, in which case a new trial should be had.

*W. P. Harding*, for the plaintiff.

*B. F. Briggs*, for the defendant McGrady.

AMES, J. The act of recognizing, in order to give to a party an appeal from the judgment of a justice of the peace in a civil action, is performed by assenting to the words of the magistrate, to the effect that the conusors acknowledge themselves to be in-

delited to the other party in a specified sum, to be paid if the party appealing fails to enter and prosecute his appeal. A brief minute of the transaction is entered on the record, in order that a more full memorandum may be prepared when it is wanted. This memorandum is not itself the recognizance, although it is not unfrequently so called, as it has been in this case. When it is sent, with copies of the case, to the court appealed to, it operates as a return of the recognizance to that court. Strictly speaking, it should not be certified as a copy, because being merely a certificate of an act of the party in court, and not of a bond or contract in writing, there is no original of which it can be said to be a copy. But the attestation, though unnecessary, cannot vitiate the proceeding, and the court appealed to still has the official certificate of the magistrate that the fact therein described did occur before him, and the words " A true copy. Attest," may be treated as surplusage. The plaintiff, having filed the appropriate papers, and obtained an affirmation of the judgment, upon the failure of the original defendants to enter their appeal, no further judgment of forfeiture, or order that the recognizance be estreated, was necessary to enable her to enforce it by suit. *Cook* v. *Berth,* 108 Mass. 73. *Benedict* v. *Cutting*, 13 Met. 181.

The point that the recognizance was not binding upon the wife was not insisted upon at the argument. She and her husband were joint defendants in the original suit, and no objection that they were improperly joined was there taken. There certainly is not enough disclosed in this report to show that she was not liable on the recognizance; *Curtice* v. *Bothamly*, 8 Allen, 336 ; and it may well be doubted whether at this stage of the case the surety can take that objection.

The objection that it does not appear upon the face of the recognizance that the magistrate had jurisdiction of the case in which it was taken, cannot be sustained. The condition of the recognizance describes the original case as " a personal action " in which the plaintiff recovered judgment against the original defendants for the possession of a piece of land, and makes it apparent that they were sued as tenants, and binds them to the payment of rent due and to become due. This is sufficient to show that it was a case under the Gen. Sts. *c.* 137, §§ 5–9, and

that the magistrate had authority and jurisdiction to take the recognizance. *Benedict* v. *Cutting, ubi supra.*

Neither is there any ground for saying that the recognizance undertakes to impose any burden not required by the statute. It is true that it is not in the exact words of the statute, but it is substantially in conformity to its meaning, and there is no material discrepancy. *Shaw* v. *McIntier,* 5 Allen, 423. The expression " rent to become due," as used in the condition, can only be understood to mean " intervening rent."

As to the allegation of fraud, none is suggested to which the plaintiff was a party, or which, for that reason, could affect her right of action. All the points relied upon by the defendant at the argument are therefore disposed of, and his

*Exceptions are overruled.*