### STATE *vs.* CALVIN B. PALMER.

A statute required the complainant to give recognizance "to prosecute such complaint to final judgment with effect, or in default thereof to pay the costs which may accrue thereon to the State, or to the person or persons accused."

The complainant gave recognizance "to prosecute the complaint with effect, or in default thereof to pay all lawful costs which may accrue therefrom."

*Held*, that the difference was immaterial.

EXCEPTIONS to the Court of Common Pleas.

*Providence, April* 4, 1885. PER CURIAM. This is a criminal complaint for assault and battery. The complaint originated in a Justice Court, was carried to the Court of Common Pleas by appeal, and is brought here on exceptions. In the Justice Court the defendant moved to dismiss the complaint for defect in the recognizance, and renewed the motion in the Court of Common Pleas. The motion was overruled, which is the error alleged in the exceptions. The statute requires that on a complaint for assault and battery the complainant shall, before the warrant issues, give

recognizance with surety "to prosecute such complaint to final judgment with effect, or in default thereof to pay the costs which may accrue thereon to the State, or to the person or persons accused." Pub. Stat. R. I. cap. 197, §§ 4, 10. In this case recognizance was given "to prosecute the complaint with effect, or in default thereof to pay all lawful costs which may accrue therefrom." The question is whether such a recognizance meets the requirement of the statute. Undoubtedly the justice taking the ·recognizance would have acted more wisely if he had followed the words of the statute in full, for if he had done so the question would not have arisen. We think, however, the recognizance is in legal effect the same as if the words had been used in full; for, in our opinion, to prosecute the complaint "with effect" means the same as to prosecute it to "final judgment with effect," and "to pay all lawful costs which may accrue therefrom" means the same as "to pay the costs that may accrue thereon to the State or to the person accused," since "all lawful costs" include all costs which can accrue either to the State or to the person accused. We do not think the case materially differs from *State* v. *McCarty*, 4 R. I. 82. *Exceptions overruled.*

*Charles Perrin*, for plaintiff.

*A. B. Crafts*, for defendant.