JOSEPH S. RADOVSKY *vs.* FALL RIVER SAVINGS BANK, ANTONIO FARIAS, claimant.

Bristol.   October 29, 1907. —November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Assignment.   Fraud.   Savings Bank.*

An assignment in writing of money deposited in a savings bank, executed by the depositor under seal and delivered to the assignee in consideration of his discharge of an attachment on the property of a third person, cannot be avoided by the assignor on the ground that it was obtained from him by fraud on the part of the third person, who deceived him as to the amount assigned and as to the purpose for which the assignment was given, if the assignee had no knowledge of the fraud.

KNOWLTON, C. J. This action was brought against the defendant savings bank to recover $193 claimed by the plaintiff under an assignment from one Bronco, a depositor in the savings bank.   The defendant admits the possession of the money as a deposit, and avers that it is claimed by Bronco as well as by the plaintiff.   Acting under the statute, it declared its willingness to

pay the money to the person entitled to it, and petitioned the court to summon Bronco as a claimant to come and establish his claim.   There has been a trial between the plaintiff and the claimant, at which the principal question was whether the assignment from Bronco to the plaintiff is valid.   The assignment is in proper form, under seal, and it purports to assign the money to the plaintiff and to give him authority to collect it.   The consideration for it, according to its recital, was the dissolution of an attachment made by the plaintiff upon the property of one Silvia.   The evidence shows that such an attachment was made as security for a debt due the plaintiff from Silvia, and that this assignment was given to the plaintiff's attorney at his office, to stand as security for the payment of the debt.   The defence relied on was stated in the evidence as follows: The claimant Bronco does not speak or understand English, and the conversation between him and Silvia which led to the execution and delivery of the assignment was conducted in the Portuguese language.   The plaintiff's attorney, who received the assignment and discharged the attachment, does not understand Portuguese. According to Bronco's testimony, Silvia told him that the assignment was for only $45 instead of $193, and that it was given for a purpose different from that expressed in it.   If his statement is true a gross fraud was practised upon him by Silvia. It is not contended that the plaintiff or his attorney had any knowledge of the fraud, or participation in it.

   The jury were instructed that if Bronco used due care in what he was signing, a fraud of this kind practised upon him by Silvia would invalidate the assignment, even though the plaintiff took it in good faith and for a valuable consideration.*   This instruction was erroneous.   The instrument was duly executed in proper form to bind the claimant, and the plaintiff received it innocently and for value.   The fraud of a third person does not affect its validity in the hands of the plaintiff.   The execution of it was the claimant's act which made the instrument binding upon him unless he should avoid it for fraud.   It was not like an instrument upon which his signature had been forged.   The fraud would enable him to avoid it as against the fraudulent

---

* The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

party, but it would give him no right to repudiate it as against an innocent holder.   This has been decided in many cases, some of which are very similar to the one now before us.   *Lucas* v. *Owens*, 113 Ind. 521.   *Jones* v. *Swift*, 94 Ind. 516.   *Wallace* v. *Wilder*, 13 Fed. Rep. 707, 715, and cases cited.   *Stoner* v. *Millikin*, 85 Ill. 218.   *York County Ins. Co.* v. *Brooks*, 51 Maine, 506  *Chase* v. *Hathorn*, 61 Maine, 505.   *Martin* v. *Campbell*, 120 Mass. 126.

*Exceptions sustained.*

*D. R. Radovsky*, for the plaintiff.
*G. C. Hathaway*, for the claimant.