MORRIS E. HENDERSON & others *vs.* EVERETT W. PARSONS
& another.

Essex.   December 13, 1911. — February 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY & SHELDON, JJ.

*Poor Debtor.*

The condition of a recognizance entered into by a debtor and a surety upon the
debtor's arrest upon an execution, that within thirty days from the date of his
arrest the debtor will both deliver himself up for examination by the proper
magistrate and give notice to the judgment creditor of the time and place
fixed by the magistrate for the hearing, is broken if the debtor within the
thirty days so delivers himself up and asks for the assignment of a day for a
hearing and the magistrate directs the clerk of the court to issue the notice
to the judgment creditor, but the notice is not issued within the thirty days.

CONTRACT upon a poor debtor's recognizance entered into by
the defendant Everett W. Parsons as a judgment debtor and the
defendant Lina F. Parsons as surety.   Writ dated August 26,
1909.

In the Superior Court the case was heard by *Raymond,* J.,
without a jury.   The following facts appeared:

On June 20, 1908, the judgment debtor was arrested on execu-
tion and taken before the District Court of Eastern Essex, when
he and the surety entered into the recognizance in accordance
with R. L. c. 168, § 30.   On July 20, 1908, the judgment debtor and
his counsel appeared in the District Court of Eastern Essex and
called the attention of the clerk to their presence and that the
judgment debtor appeared for the purpose of delivering himself up
for examination and desired to take the oath for the relief of poor
debtors.   Before the attention of the presiding judge was directed
to the judgment debtor's presence, the court adjourned and the
judge retired to his office which was in another building.   Im-
mediately after the adjournment of court on the same day, the
judgment debtor and his counsel went to the office of the judge
and stated to him that the judgment debtor was there to deliver
himself up for examination and to request that a time and place
be fixed for his examination by the judgment creditors, and that

a notice thereof be issued to the judgment creditors, that the judgment debtor might be examined and take the oath for the relief of poor debtors. The judge ordered the judgment debtor to go to the clerk and direct him to issue the notice, according to the statute. The judgment debtor and his counsel then went to the office of the clerk and communicated to him the order of the judge. The clerk stated that he desired time "to look up the law" in reference to the issuance of the notice and directed the counsel for the judgment debtor to come into the clerk's office later and he "would have the law looked up." In the afternoon of the same day and on several days thereafter and before August 1, the counsel for the judgment debtor went to the office of the clerk and requested that the notice be issued, but on each occasion the clerk desired further time to look up the law in reference to the issuance of the notice. On August 1, 1908, the judgment debtor and his counsel were present in the District Court of Eastern Essex and called the attention of the judge to the fact that the notice had not been issued. The judge then and there ordered the clerk to issue the notice fixing August 5, 1908, at nine o'clock A. M., as the time, and the court room of the District Court of Eastern Essex as the place for examination of the debtor, the notice to issue as of July 20, 1908; and thereupon notice was issued dated July 20, 1908, and was served by a proper officer on the counsel for the judgment creditors and was delivered into court with a proper return thereon. On August 5, 1908, at nine o'clock A. M., the judgment debtor and his counsel appeared in the District Court of Eastern Essex for the examination of the judgment debtor. The counsel for the judgment creditors was present in court and objected to the jurisdiction of the court because no proper notice had been issued, and also filed a petition to amend the docket records of the court. There were continued hearings on the debtor's application to take the oath for the relief of poor debtors, and upon all other matters. On August 8, 1908, the docket records of the District Court of Eastern Essex were amended to state the facts as to the date of the issuance of the notice, and on August 29, 1908, examination and oath were refused to the judgment debtor.

The judge found for the plaintiffs, and assessed damages in the sum of $251.25. He reported the case for determination by this

court, judgment to be entered upon the finding if the finding was warranted in law; otherwise, judgment to be entered for the defendants.

*G. F. Merrill,* for the plaintiffs.

*H. B. Knowles,* for the defendants.

BRALEY, J. By the terms of the recognizance given by the defendants, the judgment debtor, if he desired to take the oath for the relief of poor debtors, became bound within thirty days from the date of his arrest to deliver himself up for examination before a court or magistrate qualified to act, and to give notice to the plaintiffs of the time and place fixed for the hearing. R. L. c. 168, §§ 30, 33. It is not a sufficient compliance with the conditions, that the debtor's application should be seasonably made, but the notice must be issued before the expiration of the thirty days, even if the return day may be beyond the period. *Barnes* v. *Ladd,* 130 Mass. 557. *Marple* v. *Burton,* 144 Mass. 79. *Ryder* v. *Ouellette,* 194 Mass. 24. The court to which the debtor applied before the time expired concededly had jurisdiction, and the clerk should have issued the proper order of notice as directed by the standing justice and requested by counsel. R. L. c. 168, §§ 33, 73. St. 1910, c. 84. But through the clerk's delay, the notice did not actually issue, nor was it served, until more than thirty days had elapsed from the date of arrest. The attention of the court having been called to the irregularity, the clerk was directed to make the date on the docket record when the notice issued correspond with the date of the application, but on motion of the plaintiffs the record subsequently was further amended by making the entry conform to the true date. It thus appears from the final record, which is to be taken as a true transcript of the proceedings, that the notice and service were invalid, and, it being too late to give a new notice, the condition of the recognizance was broken. The execution having been superseded by the recognizance, the subsequent examination of the debtor and refusal of the oath were not within the jurisdiction of the court, and under the terms of the report the plaintiffs are entitled to judgment for the amount found by the presiding judge. *Morgan* v. *Curley,* 142 Mass. 107. *Bliss* v. *Kershaw,* 180 Mass. 99, 103.

*So ordered.*