ISAAC SIMON *vs.* JUSTICES OF THE MUNICIPAL COURT OF THE CITY OF BOSTON.

Suffolk.    March 14, 1916. — May 17, 1916.

Present: RUGG, C. J., LORING, DE COURCY, & CROSBY, JJ.

*Poor Debtor*, Examination.    *Arrest*, On civil process.    *Constitutional Law.*

St. 1906, c. 203, § 1, which provides that a judgment debtor summoned for examination before a magistrate preliminary to an order for his arrest on execution shall be examined on oath upon the charges specified in the notice to him and that "such examination may be in the presence of the magistrate or otherwise as he shall order," is constitutional and is not in violation of the Declaration of Rights, arts. 1, 10, 11, 30.

When a judgment debtor appeared before a judge of a municipal court for examination under St. 1906, c. 203, at the suggestion of the counsel for the judgment creditor the judge ordered that, while the judge was in a room near or adjoining, a stenographer provided by the creditor's counsel should take a complete record of the questions and answers and should prepare a typewritten transcript thereof for each counsel, that, after these transcripts had been examined fully by the parties, such changes might be made as would make the questions and answers conform to the truth, and that then the questions and answers should be read to the judge in the presence of the debtor and should be signed and sworn to by him. *Held*, that this procedure, which was in conformity with the statute, was judicial and that the statute in authorizing it was not an encroachment by the legislative upon the judicial department of the government.

It also was *held* that this procedure conformed to established and appropriate methods of procuring and presenting evidence.

It also was *held* that the statute was a law regulating rights of property and liberty within constitutional limits.

In a case where the procedure above described was followed, the judge refused to put the stenographer under oath, and it was *held* that the refusal was proper, because the duties of the stenographer were such that there was no occasion for her being sworn.

RUGG, C. J.    This is a petition for a writ of prohibition.*    The pertinent facts are that the petitioner, a judgment debtor, was

---

* The case was heard by *Braley*, J., who was of opinion that the petitioner was not entitled to the relief sought, but, the petitioner having stated that he questioned the constitutionality of St. 1906, c. 203, § 1, under which the order complained of was made by the respondents, the justice reported the case for determination by the full court.

being examined under R. L. c. 168, § 20, as amended by St. 1906, c. 203, § 1, for the relief of poor debtors. This examination without objection was begun and had proceeded for a time in a room in the Court House in Boston adjoining or near that in which a judge of the Municipal Court of the City of Boston was engaged in other work, each question and answer being written out in long hand. Thereupon, in order to facilitate the examination and at the suggestion of the counsel for the judgment creditor, the judge ordered that a stenographer provided by such counsel should take a complete record of the questions and answers and prepare one typewritten transcript thereof for each counsel, that, after it had been fully examined by the parties, such changes might be made as would make the interrogatories and answers conform to the truth, and that then they should be read to the judge in the presence of the debtor and signed and sworn to by him.

It is not argued that this procedure was not in conformity to the statute. By its express terms the examination "may be in the presence of the magistrate or otherwise as he shall order."

The contention is that the statute is unconstitutional as contravening the Declaration of Rights, arts. 1, 10, 11, 30, which in general guarantee to every individual equality before the law, the protection of life, liberty and property according to standing laws, recourse to law for injuries to person, property and character, and the strict separation of government into the three departments of executive, legislative and judicial.

The instant statute offends against none of these constitutional rights.

The examination of an applicant for the oath for the relief of poor debtors is not a common law right. It is wholly the creature of statute, which, so far as concerns the present method, has come into existence since the adoption of the Constitution. *Stockwell v. Silloway*, 100 Mass. 287, 296. See *Commonwealth v. Badlam*, 9 Pick. 362. It is entirely for the benefit of the debtor. As to him it is a concession of grace and not the regulation of a right. The procedure within the boundaries set for the protection of fundamental rights by the Constitution is entirely within the power of the General Court. Affidavits and depositions long have been a familiar method of bringing facts before a court. *Parker v.*

*Nickerson,* 137 Mass. 487. It is only when the subject is held to answer for a crime that he has the right "to meet the witnesses against him face to face." *Fisher* v. *McGirr,* 1 Gray, 1, 32. Moreover, the examination of the poor debtor is not the evidence of some one else. It is the testimony of himself in his own behalf and for his own relief.

The examination under the circumstances here disclosed was in a sense in the presence of the judge. It was conducted under his general supervision. Objections as to testimony could be passed upon by him without delay. The debtor was not compelled to answer any question to which objection was made until directed by the judge. When such an examination is in writing, it is not the oral question and answer which constitutes the evidence, but the written interrogatories and answers signed and sworn to by the debtor. The writing out of the question and answer is preliminary to this final form which becomes the evidence to be considered by the court.

The procedure is judicial. It is wholly under the control of the court. Although the writing out of the questions and answers may go on outside the physical presence of the judge, the written document is signed and sworn to by the debtor in the presence of the judge. It is only when thus completed that it is ripe for consideration by the judge. It is not then hearsay evidence. The statute is not a legislative declaration that a decision may be rendered upon testimony that the judge has not heard, nor an encroachment by the legislative upon the judicial department by directing the court to base its decision upon evidence not taken or received according to recognized formalities. The procedure prescribed by the statute conforms to established and appropriate methods of procuring and presenting evidence. The statute is a standing law, which regulates within constitutional limits rights of property and liberty.

The use of the stenographer was an expeditious method in common use of reducing to writing the evidence of the debtor. The refusal by the judge to put her under oath for the faithful discharge of her duties was put upon the reasonable ground that "as the transcript of the examination was not to be binding upon either party until such additions, alterations or corrections, if any, had been made therein in order that it might be in the form

in which the parties desired that it be submitted to the court," her duties were such that there was no occasion for her being sworn.

*Petition dismissed.*

*F. G. Woodbury,* for the petitioner.
*W. F. Frederick,* for the respondents.