### ALBERT S. HOWARD *vs.* ANDREW F. ROACH.

Middlesex. November 24, 1916. — February 26, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Poor Debtor,* Recognizance. *Words,* "Deliver himself up."

A recognizance entered into by a poor debtor under R. L. c. 168, § 30, "that within thirty days from the day of his arrest he will deliver himself up for examination before a police, district or municipal court, or a trial justice," requires the physical presence of the debtor in person, and, if the debtor's only appearance within the thirty days was by his counsel of record who appeared at the office of the clerk of the police court in which the recognizance was taken and, in the absence of the debtor, asked for the issuing of a citation in his behalf setting forth that he desired to take the oath for the relief of poor debtors, there is a breach of the recognizance on which the judgment creditor may recover damages against the surety on the recognizance.

CONTRACT by a judgment creditor of one George H. Brown against the surety on a poor debtor recognizance entered into by Brown with the defendant as a surety in the Police Court of Lowell under R. L. c. 168, § 30. Writ dated January 22, 1916.

In the Superior Court the case was heard by *Hamilton, J.,* without a jury. The material facts are stated in the opinion. Upon these facts the plaintiff contended that there had been a breach of the condition of the recognizance which required the judgment debtor within thirty days from the day of his arrest to deliver himself up for examination before a police, district or municipal court, or a trial justice, giving notice of the time and place thereof as provided in R. L. c. 168.

The judge found for the defendant and reported the case for

determination by this court. If, on the facts reported, this find-
ing was proper, judgment was to be entered for the defendant;. if
there was error in so finding, by agreement of counsel, judgment
was to be entered for the plaintiff and execution was to issue for
the sum of $415 damages.

The case was submitted on briefs.

*F. W. Qua, A. S. Howard & M. G. Rogers,* for the plaintiff.

*E. J. Tierney & G. F. Toye,* for the defendant.

DE COURCY, J.   George H. Brown, the judgment debtor, was
arrested December 18, 1915, on an execution to which was an-
nexed the certificate of the magistrate that he was satisfied there
was reasonable cause to believe that the second and third charges
under R. L. c. 168, § 17, were true.   When taken before the pre-
siding judge of the Police Court of Lowell, Brown recognized,
with the defendant Roach as surety, pursuant to c. 168, § 30,
namely, "that within thirty days from the day of his arrest he
will deliver himself up for examination before a police, district or
municipal court, or a trial justice, giving notice of the time and
place thereof as herein provided, and appear at the time fixed
for his examination and from time to time until the same is con-
cluded, and not depart without leave of the magistrate, making
no default at any time fixed for his examination, and abide the
final order of the magistrate thereon."   It appears from the re-
cords of said Police Court that on January 14, 1916, the counsel
of record for the debtor Brown appeared at the office of the clerk
of that court and, in the absence of the debtor, made request for
a citation to issue in his behalf, setting forth that Brown desired
to take the oath for the relief of poor debtors; and that on the same
day a citation duly issued, returnable before said court Febru-
ary 18, next, at 10 A. M.   The controlling question in the case is
whether legally this appearance by counsel was a compliance with
the requirement that the debtor should "deliver himself up for
examination."

The language of the statute, giving to the words their plain
ordinary meaning, implies that the debtor shall present himself
in person before the magistrate, when he makes application to
take the oath for the relief of poor debtors.   The history of the
statute confirms the view that the physical presence of the debtor
is required.   This phrase "will deliver himself up for exami-

nation" in R. L. c. 168, § 30, has come down to us from St. 1855, c. 444, "An Act to abolish imprisonment for debt and to punish fraudulent debtors." Before that time the debtor was liable to be imprisoned for any debt not less than $10. Rev. Sts. c. 97, § 44. When committed on execution, and unable to pay the debt, if he desired to take the benefit of the poor debtor law, he so represented to the jailer, and the jailer made known the same to some justice of the peace for the county. Rev. Sts. c. 98, § 1. The examination was held within the limits of the prison, and until that time the debtor ordinarily remained in jail. The 1855 act (§ 9) permitted the debtor, if he did not desire to have any time fixed for examination, to enter into a recognizance with sufficient surety that "within ninety days he will deliver himself up for examination," giving the required notice to his creditor. Thereupon the debtor was relieved from the control of the officer. *Jacot* v. *Wyatt*, 10 Gray, 236, 239.

In the light of the laws with reference to imprisonment for debt existing in the Colony, Province and Commonwealth until the act of 1855 (see Chronological List of Statutes in Appendix to Grinnell's Poor Debtor Law of Mass.) it seems clear that in the 1855 act the Legislature used the words "deliver himself up" in their natural meaning, as requiring the surrender of the body of the debtor in the presence of the magistrate. The same language was retained in the subsequent statutes touching the subject: St. 1857, c. 141, § 10. Gen. Sts. c. 124, § 10 (which reduced the period in which the debtor should deliver himself up, to "within thirty days" from the day of his arrest). Pub. Sts. c. 162, § 28. St. 1888, c. 419, § 6. St. 1891, c. 271. R. L. c. 168, § 30.

While the precise question here presented never has been decided it seems always to have been assumed that there must be a physical delivery of the body in order to comply with the condition of the recognizance and the terms of the statute. To refer to a few instances: In *City National Bank of Manchester* v. *Williams*, 122 Mass. 534, it was said "the notice is to be given, or at least may be given, at the time the party delivers himself up for examination." In *Barnes* v. *Ladd*, 130 Mass. 557, which decided that this provision in the recognizance was complied with if the notice to the creditor was duly issued within the thirty days, although

the return day for examination was beyond that time, the words "surrender himself" are used in the opinion as the equivalent of "will deliver himself up." In *Marple* v. *Burton*, 144 Mass. 79, 80, it was said "the debtor should present himself to the magistrate for the purpose of initiating the proceedings for his examination and discharge." In *Eames* v. *Rice*, 157 Mass. 508, is the language, "The debtor duly surrendered himself within the thirty days to a proper court, and procured the issuing of a notice, etc. . . . The jurisdiction of the court began when the debtor delivered himself up." In *Bliss* v. *Kershaw*, 180 Mass. 99, 102, speaking of the requirements to "deliver himself up" the court said, "This means that there is to be a delivery which will enable the creditor to make an examination of him such as the statute contemplates, and that he shall continue in the attitude of one who has been delivered up, and who is in a sense in the custody of the law." And in *Henderson* v. *Parsons*, 211 Mass. 69, 71, it was stated, "By the terms of the recognizance . . . the judgment debtor, if he desired to take the oath for the relief of poor debtors, became bound within thirty days from the date of his arrest to deliver himself up for examination before a court or magistrate qualified to act." See also *Snelling* v. *Coburn*, 10 Allen, 344; *Van Kuran* v. *May*, 7 Allen, 466.

These excerpts from opinions at least indicate that it was thought the terms of the statutes "will deliver himself up" contemplated a personal appearance of the judgment debtor before the magistrate within the thirty days, as well as at the time of his examination. And such appears to have been the practice, as shown by all the cases called to our attention. See Grinnell, Poor Debtor Law of Mass. § 395. There is nothing inconsistent with this view in *Mann* v. *Mirick*, 11 Allen, 29, which held that the magistrate had power to entertain a motion of the debtor's attorney for an adjournment that was expressly provided for by statute; nor in *McLeod* v. *Freeman*, 122 Mass. 441, where the debtor's attorney, in his absence, filed a motion in arrest of judgment, which the magistrate continued for further hearing, and so retained jurisdiction of the whole case.

In view of the foregoing we are of opinion that on January 14, 1916, as the debtor Brown did not deliver himself up, the Police Court did not acquire jurisdiction to issue the notice that he

desired to take the poor debtor's oath.  Clearly the earlier proceedings before that court did not give it a continuing jurisdiction which would extend to the subject matter of the present controversy.  The debtor was free to deliver himself up for examination before any other magistrate possessing the requisite jurisdiction. *Cook* v. *Thayer*, 121 Mass. 415.  The statute does not even require that the subsequent proceedings should be before the same magistrate who took the recognizance.  *Elliott* v. *Willis*, 1 Allen, 461.

It does not avail the defendant that Brown appeared in the clerk's office on January 17, because no citation was issued by the court on or after that day.  And the plaintiff did not waive his rights by being present in court on February 18, 1916, as he then asserted that there had been a breach of the recognizance, and stated that he had brought this action thereon.  *Francis* v. *Howard*, 115 Mass. 236.

On the facts stated in the report, there was a breach of the recognizance by reason of the failure of the judgment debtor within thirty days from the date of his arrest to deliver himself up for examination and to give notice to the plaintiff of the time and place fixed for the hearing.  *Henderson* v. *Parsons, supra.*  In accordance with the report judgment is to be entered for the plaintiff, and execution is to issue for the sum of $415 damages; and it is

*So ordered.*