PATRICK McKEON *vs.* FREDERICK L. BRIGGS.

Suffolk.  March 31, 1919. — May 20, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Poor Debtor.  Evidence,* Judicial record, Presumptions and burden of proof. *Waiver.*

In an action against the surety on a poor debtor's recognizance for an alleged breach of the recognizance by the debtor in failing to deliver himself up for examination within thirty days from the day of his arrest, an application in writing to take the oath for the relief of poor debtors purporting to be signed in behalf of the debtor, which is no part of the record, offered in evidence by the plaintiff, must be excluded.

In an action against the surety on a poor debtor's recognizance, where the record in the poor debtor proceedings shows that the debtor delivered himself up for examination in accordance with R. L. c. 168, § 30, on a day within thirty days from the day of his arrest, and gave notice of his desire to take the oath for the relief of poor debtors, this record is conclusive and binding upon the parties and cannot be contradicted or controlled by extrinsic evidence.

Accordingly in such an action, where the record of the poor debtor proceedings shows that the debtor on a certain day within thirty days from the day of his arrest personally appeared in court and made the application to take the oath, the plaintiff cannot be permitted to testify that the debtor told him that he never had been in the poor debtor session before the day finally fixed for the hearing, which was a month and a half later than the day of his application.

In an action against the surety on a poor debtor's recognizance the burden is on the plaintiff to show that there has been a breach of the recognizance, under which the debtor agreed to deliver himself up for examination within thirty days from the date of his arrest and abide the order of the court.

A poor debtor in surrendering himself and making his application need not be in the actual presence of the magistrate, if the court is in session and the magistrate is at hand and is readily accessible for the transaction of such business as properly may be presented to him.  In the present case it was *held* that the fact, that when the debtor appeared and made the application to take the oath the magistrate was not in the court room but was in the lobby adjoining and did not see him personally, was immaterial.

In an action against the surety on a poor debtor's recognizance where the evidence showed that the magistrate was present when the debtor appeared in court

within thirty days from his arrest and made application to take the oath and that on the day finally fixed for the hearing the debtor and the creditor, with counsel, were all present in court at the appointed time and that the creditor had ample opportunity to examine the debtor but declined to do so and left the court room with his counsel, it was *said* that it was unnecessary to determine whether the creditor's counsel by his appearances at the hearings and other acts, without raising any objection to the regularity of the proceedings, had waived the right to object to any failure of the debtor properly to surrender himself for examination or to any want of jurisdiction in the court over the person of the debtor, because as matter of law the evidence did not warrant a finding that there had been any breach of the recognizance.

CONTRACT against the surety on the recognizance of George W. Choate, a poor debtor, who had been arrested on an execution in favor of the plaintiff, for an alleged breach of the recognizance in the failure of the debtor to deliver himself up for examination within thirty days from the day of his arrest. Writ dated May 10, 1917.

In the Superior Court the case was tried before *King*, J. The evidence and the defendant's exceptions to the admission of certain evidence are described in the opinion. At the close of the evidence the defendant filed a motion asking the judge to order a verdict for the defendant. The judge denied the motion. The defendant also asked the judge to make, among others, the following rulings:

"4. The appearance of the creditor's attorney on the return day of the order of notice, and without questioning any alleged defects or the jurisdiction of the court or announcing any intention to object either to the notice or the surrender of the debtor or otherwise, was a waiver of any defect, if any there was, to the jurisdiction of the court, or any failure, if any there was, on the part of the debtor to sufficiently surrender himself.

"5. The payment of the fee of $3 by the creditor or the creditor's attorney to the clerk of the poor debtor session of the Municipal Court of the City of Boston on the day before the return day of the notice, and the appearance of the creditor's attorney generally in the case, was a waiver of any defect, if any there was, to the jurisdiction of the court or any failure, if any there was, on the part of the debtor to properly surrender himself for examination.

"6. The attendance of both the debtor and creditor's attorney on the return day of the notice, and the payment of the fees by creditor's attorney, and the general appearance of creditor's attor-

ney and agreement for a continuance was a waiver of any and all defects there might have been at that time.

"7. The continuance of the case on the debtor's application to take the oath for the relief of poor debtors, with the assent of the creditor's attorney, was a waiver of any defects, if any there were, in the prior proceedings and the jurisdiction of the court."

The judge refused to make any of these rulings and left to the jury the questions whether there had been a breach of the recognizance and whether there had been any waiver on the part of the plaintiff. The jury found for the plaintiff in the penal sum of the recognizance, $1,500; and the defendant alleged exceptions.

The case was submitted on briefs.

*C. F. Eldredge*, for the defendant.

*E. M. Shanley*, for the plaintiff.

CROSBY, J. This is an action against the surety on a poor debtor recognizance. The breach relied on is that the debtor did not deliver himself up for examination within thirty days from the day of his arrest.

The debtor, one George W. Choate, was arrested on an execution on January 9, 1917, and entered into a recognizance under R. L. c. 168, § 30. There was evidence that on February 6, 1917, he appeared with his surety in the poor debtor's session of the Municipal Court of the City of Boston, delivered himself up for examination, and made application to take the oath for the relief of poor debtors. An order of notice issued thereon to the judgment creditor, returnable February 27, 1917, at nine o'clock in the forenoon. The notice required the judgment creditor to "pay to the clerk the fee of three dollars for these proceedings forthwith."

The record of the court was introduced in evidence and contained the following recital: "Patrick McKeon *vs.* George W. Choate. Fee not paid. Attorney for creditor, E. M. Shanley. Attorney for debtor, C. F. Eldredge and Harold Caverly. February 6, 1917, notice of debtor's desire to take the oath for the relief of poor debtors issues, returnable February 27, 1917, 9 A. M. February 24, 1917, notice returned with service."

The plaintiff offered in evidence, subject to the exception of the defendant, a written application to take the oath, signed "Harold Caverly on behalf of George W. Choate." It was no part

of the record in the case, and should have been excluded. The exception to its admission must be sustained.

The record of the court, correctly construed, shows that the debtor on February 6, 1917, delivered himself up for examination in accordance with the statute (R. L. c. 168, § 30), and gave notice of his desire to take the oath for the relief of poor debtors. That the record cannot be contradicted or controlled by extrinsic evidence, but is conclusive and binding upon the parties, is well settled. *Niles* v. *Silverman,* 216 Mass. 242. *Haskell* v. *Cunningham,* 221 Mass. 49, 53.

It was decided in *Howard* v. *Roach,* 226 Mass. 80, that when the application is made the debtor must appear personally, not merely by attorney, within thirty days of his arrest, in order to comply with the condition of the recognizance; in that case counsel for the debtor appeared and made application to take the oath in the absence of the debtor, while in the case at bar the debtor himself appeared in court and personally made the application. As the evidence that the debtor was present in court on February 6 was conclusively established by the record, the testimony of the plaintiff to the effect that the debtor told him he had never been in the poor debtor session before March 20, was inadmissible, and the exception thereto must be sustained.

According to the docket entries, the notice was served on the creditor's attorney on February 9, 1917, the fee was paid by the creditor on February 26, 1917, on February 27, 1917, at the time and place fixed, the creditor's attorney and the debtor appeared, and the hearing was continued by order of the court to March 20, 1917, at nine o'clock in the forenoon. The court record also contains the following recital: "March 20, 1917, debtor sworn. Examination ordered to proceed. Justice Burke. March 20, 1917, 10 : 27 A. M., debtor appears; creditor does not appear. Burke, Justice."

The undisputed evidence shows that the creditor and his counsel and the debtor and his counsel were present in the poor debtor's court on February 27, 1917. The plaintiff testified as follows: "I was there the second time, March 20, 1917, to which time the case had been continued. Mr. Shanley was there; Mr. Choate was there and his counsel. That is the day the court ordered the examination to go forward. Then later Mr. Shanley, my counsel,

and I went out, and left Mr. Choate and his counsel there." The burden was on the plaintiff to show that there had been a breach of the recognizance, under which the debtor agreed to deliver himself up for examination within thirty days from the date of his arrest and abide the order of the court.

If the oral evidence to show that the debtor was present in court on that day was not believed by the jury, still there was no competent evidence introduced to the effect he was not there. It follows that the plaintiff has wholly failed to prove a breach of the recognizance. The testimony of the plaintiff, admitted subject to the exception of the defendant, that the debtor told him that he (the debtor) had never been in the poor debtor court before March 20, 1917, was not admissible to establish that he was not present in court on February 6, 1917, because the record is conclusive upon that question; accordingly we need not consider whether under other circumstances the evidence would have been admissible. *Simmons* v. *Poole*, 227 Mass. 29, 36. *Haney* v. *Donnelly*, 12 Gray, 361.

The circumstance that, when the debtor went to the poor debtor session of the court with his counsel to deliver himself up for examination and to make the application to take the oath, the magistrate was not in the court room but was in the lobby adjoining and did not personally see him, is immaterial. It is undisputed that during the month of February, 1917, the court was in session daily from nine o'clock in the forenoon until four o'clock in the afternoon; it was open during that time for the transaction of business, and the judge was at all times available. The debtor in surrendering himself and making his application need not be in the actual presence of the magistrate; it is sufficient if the latter is at hand and is readily accessible for the transaction of such business as properly may be presented to him. See *Simon* v. *Justices of Municipal Court*, 224 Mass. 122.

The statute is complied with if the debtor within thirty days delivers himself up for examination before a magistrate qualified to act. *Howard* v. *Roach, supra.* The uncontradicted evidence shows that such a magistrate was present when the debtor appeared in court and made application to take the oath on February 6, 1917; and also, that on March 20, 1917, the day finally fixed for the hearing, the debtor and the creditor, with counsel,

were all present in court at the appointed time and that the creditor had ample opportunity to examine the debtor, but declined to do so and left the court room with his counsel.

We need not determine whether the appearance by the creditor's counsel on the return day fixed for the examination, his subsequent appearance at the hearing on March 20, 1917, and the payment by him on February 26 of the required fee, without raising any objection whatever to the regularity of the proceedings, operated as a waiver of any failure of the debtor properly to surrender himself for examination, or of any want of jurisdiction in the court, over the person, because we are of opinion that as matter of law the evidence did not warrant a finding that there had been a breach of the recognizance. See *McInerny* v. *Samuels*, 125 Mass. 425; *Sturman* v. *McCarthy*, 232 Mass. 44.

The defendant's request, that the judge order a verdict for the defendant on the ground that on all the evidence the plaintiff was not entitled to recover, should have been given, the exception to the refusal of the judge so to do is sustained, and judgment is to be entered for the defendant under St. 1909, c. 236.

*So ordered.*