DIMITRI SOTIR GIANTSI *vs.* SPIRO CHRISTOPHER & others.

Worcester.   September 21, 1931. — October 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Supplementary Process.   Poor Debtor.   Clerk of Court.   Bond,* In supplementary process.   *Damages,* In contract.

There was breach of a bond, given under St. 1927, c. 334, § 2, by one arrested on mesne process in an action and conditioned upon his beginning supplementary proceedings under said c. 334 within thirty days after final judgment for the plaintiff in the action, where the defendant in good faith offered the clerk of a district court an application and the required fee in supplementary proceedings on the twenty-eighth and thirtieth days after such judgment, but was prevented from filing the application and having notice thereunder issued within the thirty days by an improper refusal of the clerk to receive the application, although, two days after the expiration of the thirty days, the application was received and notice issued as of the thirtieth day.

It *was stated* that it was the duty of the clerk to receive the application above described and to issue the notice thereunder even though other proceedings in supplementary process were pending.

The acceptance of the application above described and the issuance of the notice after the thirtieth day as of the thirtieth day were a nullity.

In an action upon a bond of the character above described, the plaintiff's damages are not limited to those actually sustained by the plaintiff by reason of his losing his right to examine the defendant under said c. 334, but the plaintiff may recover, up to the penal sum of the bond, the amount of the judgment previously obtained by him against the defendant.

CONTRACT on a bond.   Writ dated September 13, 1930.

The action was heard in the Superior Court without a jury by *Qua,* J.   Material findings by the judge are stated in the opinion.   He found for the plaintiff in the sum of $3,000, the penal sum of the bond, and ordered judgment and execution for that sum.   The defendants alleged exceptions.

*C. F. Campbell & C. W. O'Connor,* for the defendants, submitted a brief.

*A. Ford,* for the plaintiff.

CROSBY, J.   This is an action brought to recover on a

bond given under the provisions of § 13 of G. L. c. 224, as inserted by St. 1927, c. 334, § 2.

The defendant Christopher was arrested on mesne process, after a hearing on the questions of his ability to pay a judgment rendered against him and whether or not he was intending to leave the Commonwealth. Upon the judge's refusal to discharge him from arrest after such hearing, he gave a bond to the plaintiff, with the other defendants as sureties, under said § 13. The condition of the bond was that "if the said Spiro Christopher shall begin supplementary proceedings under Chapter 334 Acts of 1927 of the General Laws and Acts amendatory thereof and supplementary thereto, and cause due notice thereof to be served upon the plaintiff or his attorney of record in the action, within thirty days after final judgment for the plaintiff therein, and shall appear at the time appointed for his examination and from time to time thereafter until the proceedings are concluded, not departing without leave of the Court and making no default and abiding all orders of the Court relative to his property, then this bond shall be void, otherwise it shall remain in full force and virtue." Final judgment was entered for the plaintiff in the original action on May 16, 1930.

The case was heard by a judge of the Superior Court who made certain findings and rulings, and ordered judgment for the plaintiff in the sum of $3,000, the penal sum of the bond. As the amount of the judgment in the original action plus interest exceeded the penal sum of the bond he ordered that execution issue for $3,000.

The judge made the following findings: The last day on which the defendant Christopher could comply with the condition of the bond by beginning supplementary proceedings and causing notice thereof to be served upon the plaintiff was Monday, June 16, 1930. On Saturday, June 14, 1930, he went with an attorney at law, who was then acting in his behalf in the absence of his counsel, to the office of the clerk of the court for the purpose in good faith of complying with the condition of the bond; while there the attorney filled out a blank application, which was provided

at the clerk's office, in order to begin supplementary proceedings under St. 1927, c. 334; after the form had been filled out Christopher signed it and the attorney offered it to a clerical assistant in the office for filing; Christopher also offered to pay the required fee of $3; the assistant suggested that as one proceeding had already been filed a second was useless, and, after consulting with the clerk, refused to accept the application. On Monday, June 16, the attorney and Christopher again went to the clerk's office in the forenoon of that day and, on behalf of Christopher, the attorney insisted upon filing the application and tendered the fee of $3; the clerk stated that a supplementary proceeding was already pending and he could not take the application, and he refused to place it on file; the attorney then brought a special justice of the court to the clerk's office with the result that, while the clerk refused to accept the application, the judge stated that he would hold the matter in abeyance until counsel who had previously acted for Christopher returned, and then, if necessary, he would allow the application to be filed as of June 16; thereupon the parties went away. On Wednesday, June 18, the application was filed and notice ordered to issue as of June 16; the notice was served on the attorney for the creditor on June 19. On July 1, on motion of the creditor, the supplementary proceeding was dismissed for lack of jurisdiction. The judge found that Christopher and his attorney did all they were able to on June 14 and on June 16 to file the application and to have notice issue, but were unable to do so because of the refusal of the clerk to receive the application and issue the notice.

The defendants contended that if there was a breach of the bond the damages under the statute should be limited to such damages as the judge found were actually sustained by the creditor by reason of his losing his right to examine the debtor. The judge in substance ruled that this contention could not be sustained. It is plain that it was the duty of the clerk to accept the application and issue the notice. The fact that another supplementary proceeding was pending (the reason given by the clerk for

refusing to allow the application to be filed or to issue a notice) was no excuse for his failure to act. The plaintiff's rights under the statute could not be lost by the refusal of the clerk to perform his duty. Neither the clerk nor the judge could properly refuse to act in accordance with the express mandate of the statute. When Christopher's application was refused on June 16, the last day on which it could have been received and notice given to the creditor, the condition of the bond was broken. The case is governed by *Ryder* v. *Ouellette*, 194 Mass. 24, 27, *Henderson* v. *Parsons*, 211 Mass. 69, 71, *H. B. Smith Co.* v. *Judge of the District Court*, 246 Mass. 190, 194, *Kalbritan* v. *Isidor*, 255 Mass. 494, 497, 498. The acceptance of the application on June 18 and the notice then ordered to issue as of June 16 were a nullity. The cases cited by the defendants relative to the issuance of *nunc pro tunc* orders are not applicable to the case at bar.

The ruling of the judge upon the question of damages was correct. In view of the facts found, there was no error of law in the rulings given.

*Exceptions overruled.*