MODERN FINANCE COMPANY *vs.* RICHARD MARTIN
& another.

Suffolk.    April 7, 1942. — May 26, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Bond*, Recognizance. *Practice, Civil*, Arrest on execution. *District Court*, Jurisdiction. *Waiver*. *Jurisdiction*, By consent or waiver.

A recognizance given under G. L. (Ter. Ed.) c. 224, § 6, by a debtor arrested on execution and a surety requires no signature.

The appointment of a time and place for examination of an execution debtor who has recognized under G. L. (Ter. Ed.) c. 224, § 6, must be by the court, and notice thereof must be given in accordance with the requirements of § 9.

A District Court had no jurisdiction of proceedings under G. L. (Ter. Ed.) c. 224, § 6, six days after the expiration of the statutory period of thirty days following arrest of the execution debtor where the debtor, after recognizing, merely filed an application on the thirtieth day requesting the court to appoint a time and place for his examination and gave notice by mail to the creditor's attorney that the "motion" would be heard six days later.

Presence in court of the creditor's attorney, on a date attempted to be set by the debtor, but not by the court, for a hearing under G. L. (Ter. Ed.) c. 224, § 6, when the court had no jurisdiction of the matter, did not waive the creditor's right to insist upon a previous breach of the recognizance.

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 16, 1939.

Upon removal to the Superior Court, the case was tried before *Buttrick*, J. In this court it was submitted on briefs.

*M. L. Glazer*, for the defendants.

*S. Bornstein*, for the plaintiff.

Cox, J. The defendant Martin, hereinafter referred to as the debtor, was arrested on April 12, 1939, on an execution in favor of the plaintiff, and, on that day, he recognized with the defendant Mede as his surety for his appearance in court. On May 12, 1939, the debtor filed an application to be heard, which was denied on May 18, 1939. The foregoing appears as of record. This is an action of contract to recover on the recognizance, the writ being dated May 16, 1939. The trial judge denied certain requests of the defendants for rulings and directed the jury, subject to the defendants' exception, to return a verdict for the plaintiff in the penal sum of the recognizance.

General Laws (Ter. Ed.) c. 224, § 6, provides, among other things, that a debtor, arrested on execution, shall be allowed a reasonable time to procure sureties for his recognizance, conditioned that he will have a time and place appointed for his examination before some court having jurisdiction, which time shall be within thirty days after the time of his arrest, giving notice of the time and place thereof as provided in said chapter. The only points argued by the defendants in support of their exception to the direction of the verdict are that the recognizance was not signed by them, and that this action was prematurely brought. This last contention will be dealt with hereinafter.

A recognizance is an obligation of record, entered into before a court or magistrate duly authorized for that purpose, with a condition to do some act required by law, which is therein specified. It constitutes a contract. *Warner* v. *Howard*, 121 Mass. 82, 84. *National Surety Co.* v. *Nazzaro*, 233 Mass. 74, 76. The act of recognizing is performed by assenting to the words of the magistrate. *Martin* v. *Campbell*, 120 Mass. 126, 128, 129. The proceeding is a familiar one in the courts, and there is no ground for the contention, even by implication, that a recognizance must be signed.

The defendants having entered into the recognizance (see

*Warburton* v. *Gourse,* 193 Mass. 203, 205, 206, and cases cited; *Bryer* v. *American Surety Co. of New York,* 285 Mass. 336, and cases cited) on April 12, 1939, it could have been found that the debtor went with his attorney to the appropriate court on May 12, 1939, and, after some conversation with the clerk, an application, signed by his attorney, to be heard on arrest on execution was filed, by which the court was requested to appoint a time and place for the debtor's examination, as required by § 6 of said c. 224. On May 12, 1939, the debtor's attorney certified that he gave written notice of the "within Motion" to be heard on May 18, 1939, in the motion session of the court, "together with a copy of said Motion to Samuel Bornstein, Esquire . . . by mailing said copy and notice postage prepaid." There was evidence that notice was given in conformity with this certificate. On May 18, 1939, the debtor and his attorney were present in the motion session, together with the attorney for the plaintiff, and, after a hearing "on the application," it was denied. There was evidence that on May 12, 1939, the debtor's attorney asked the clerk if there was "any form" and that the clerk instructed him to file an application and to notify the attorney for the plaintiff. The bill of exceptions, which recites that it contains all the material evidence, discloses no other evidence as to what took place on May 12, 1939. It does not appear that the application was ever called to the attention of a judge (compare *Henderson* v. *Parsons,* 211 Mass. 69), or that the debtor took any other steps to comply with the condition of the recognizance that required him to have a time and place appointed for his examination, which time "shall be within thirty days after the time of his arrest." G. L. (Ter. Ed.) c. 224, § 6. It is to be observed that said § 6 also requires that notice of the time and place for the examination must be given as provided in said c. 224. Provision for notice in said chapter is found in § 9, which, in terms, relates to a defendant arrested on mesne process, who has requested the court to appoint a time and place for examination, and where it is provided that notice shall be served by an officer qualified to serve civil process, by delivering to

the plaintiff, or to his agent or attorney, an attested copy thereof, or by leaving such copy at the last and usual place of abode of such plaintiff, or, if such plaintiff is a corporation, then service shall be made upon an officer thereof. It is further provided that service shall be made not less than one hour, or, if service is made at the last and usual place of abode, not less than one day before the time appointed for the examination. See § 14 as to service of the summons on a debtor in supplementary process. Under the condition of the recognizance that the debtor will have a time and place appointed for his examination before some court having jurisdiction, the debtor was required to have the time and place appointed by the court. It was not for the debtor to fix the time. See *Barnes* v. *Ladd*, 130 Mass. 557, 560; *Howard* v. *Roach*, 226 Mass. 80, 81, 83; *H. B. Smith Co.* v. *Judge of the Third District Court of Eastern Middlesex*, 246 Mass. 190, 193, 195.

There was no reversible error in the denial of the defendants' sixth request, that the debtor, in surrendering himself and making his application, need not be in the actual presence of the magistrate or judge, it being sufficient if the latter is at hand and is readily accessible for the transaction of such business as may be presented to him. (See *McKeon* v. *Briggs*, 233 Mass. 99.) The circumstances of the *McKeon* case, from which this request was evidently taken, were very different from those in the case at bar and the request was inapplicable to the evidence.

There was no error in the denial of the defendants' seventh request, that the form of the notice is a matter to be determined by the court and not by the debtor. It does not appear that any proper notice ever issued. The debtor took no proper steps to comply with the provisions of the recognizance as to notice, and, for that matter, the proceedings had not advanced to the point where notice could issue, inasmuch as the debtor had not had any time and place appointed for his examination. The defendants' eighth request was that if the court erroneously instructs the debtor who has presented himself for examination within thirty days, as required by the "bond," the debtor

cannot be held by such error. There was no evidence to warrant the giving of this request. At best, the most that can be said for the debtor is that he went to the clerk's office on May 12 and his attorney filed what he evidently assumed was a motion and gave notice thereof, in effect setting it down for hearing six days later. There was no evidence that the debtor ever presented himself for examination within thirty days after the time of his arrest at a time and place appointed within the meaning of the statute.

The defendants' fourteenth and fifteenth requests are, in substance, that the presence in court of the plaintiff's attorney on May 18, 1939, at the hearing on the debtor's application for the appointment of the time and place for his examination was a waiver of "any defective notice" and prevents the plaintiff from now claiming a breach of the conditions of the recognizance. We are of opinion that the court had no jurisdiction on that date. As already appears, the debtor was required by the recognizance to have a time and place appointed for his examination, which time had to be within thirty days after the time of his arrest. This he did not do. The duty imposed upon the debtor is imperative, the language of the requirement is plain and unmistakable, and the course of procedure under it is simple and certain. It is unnecessary to determine at what precise time the court acquires jurisdiction in a proceeding of this character (see *Barnes* v. *Ladd,* 130 Mass. 557, 560; *Henderson* v. *Parsons,* 211 Mass. 69, 71; *H. B. Smith Co.* v. *Judge of the Third District Court of Eastern Middlesex,* 246 Mass. 190), inasmuch as we are of opinion that there was no jurisdiction on May 18, 1939. See *Giantsi* v. *Christopher,* 277 Mass. 47, and cases cited at page 50. Waiver by the parties cannot confer jurisdiction over a cause where none exists. *Mueller* v. *Commissioner of Public Health,* 307 Mass. 270, 273, and cases cited. The case at bar is distinguishable from *Mount Washington Glass Works* v. *Allen,* 121 Mass. 283, and *Sturman* v. *McCarthy,* 232 Mass. 44.

What has been said disposes of the defendants' contention that the writ was prematurely brought. Prior to May

16, 1939, the date of the writ, there had been a breach of the recognizance.

We have considered all questions that have been argued by the defendants and are of opinion that the verdict was rightly ordered for the plaintiff. See in this connection G. L. (Ter. Ed.) c. 224, § 8; *Griffin* v. *Betts*, 182 Mass. 323, 325; *American Stable Co.* v. *Clarke*, 221 Mass. 271, 272; *National Surety Co.* v. *Reed*, 262 Mass. 372, 374, 375.

*Exceptions overruled.*