325 A.2d 81.

STATE *vs.* ROBERT S. VINAL.

JULY 11, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This is a complaint and warrant charging the defendant with operating a motor vehicle after his license had been suspended—a violation of G. L. 1956 (1968 Reenactment) §31-11-18. The complaint originated in the Third Judicial District Court. The defendant, after first waiving his right to an immediate transfer of his case to the Superior Court for jury trial, moved to revoke the waiver. The District Court granted the revocation motion and the case was transferred to the Superior Court. There, the defendant filed a plea in abatement alleging that the recognizance made by the complaining officer did not meet with the statutory requirements. The trial justice overruled the plea, The defendant then waived his right to the jury trial. The trial justice heard the testimony and found the defendant guilty as charged. The single issue before us is whether the trial justice erred when she overruled the plea in abatement.

General Laws 1956 (1969 Reenactment) §12-6-2, as a condition precedent to the issuance of a criminal arrest warrant requires the complainant seeking the warrant to acknowledge that he will prosecute the complaint to final judgment and that in the event the prosecution is terminated prior to final judgment he will reimburse the state for the costs it has incurred. The judicial officer taking the recognizance can set the penal amount of the recognizance in any amount up to $50.

The complaint and warrant in this case are embodied on a printed form which is prepared by the state and used by all its police departments. The form has three parts— all of which appear on one page. They are (1) the com-

plaint, (2) a jurat showing that the complainant not only appeared before the magistrate to swear to the truth of the allegations of the complaint but that he also gave the recognizance, and (3) the warrant authorizing the arrest of the defendant.

The complainant in this case was John T. Botelho, a police inspector with the East Greenwich Police Department. The blank spaces were filled in by appropriate notations made by a typist and the jurat containing the recognizance reads as follows:

____Kent____, sc.—In  Warwick     this  2nd  day of  June   A. D. 19  72

personally came  John T. Botelho, Police Inspector  , subscriber to the above complaint, and made oath to the truth of the same, and at the same time and place, himself as principal, was

recognized according to law, in the sum of fifty dollars, to prosecute said complaint with effect, or in default thereof to pay all lawful costs which may accrue thereon, to the State

Before me,

_(signature)_

Judge, Justice of the Peace authorized to issue warrants returnable to the District Court of the State of Rhode Island

The defendant contends that the recognizance is a nullity because the lines that are drawn through the phrases contained within the jurat make clear that the inspector never obligated himself to pay the costs accruing to the state in the event the prosecution was aborted. We cannot agree.

A recognizance has been defined as an obligation entered into before a court or magistrate duly authorized for that purpose whereby the recognizor acknowledges that he will do some act required by law which is specified therein. The act of recognizing is performed by the recognizor's assenting to the words of the magistrate and acknowledging himself to be indebted to a certain party in a specific amount to be paid if he fails to perform the requisite act. There is no necessity that the recognizor sign anything. It is sufficient that the magistrate indicate that the recognizor acknowledges his obligation on the premises. *Modern Finance Co.* v. *Martin,* 311 Mass. 509, 42 N.E.2d 533

(1942).; *Martin* v. *Campbell*, 120 Mass. 126 (1876).

Over a century ago when the dotting of every "i" and the crossing of every "t" was more the requirement than it is today, this court ruled that there was no necessity for strict literal compliance with the statute requiring a recognizance for costs in criminal cases. *State* v. *McCarty*, 4 R. I. 82 (1856). This holding was affirmed in *State* v. *Palmer*, 15 R. I. 6, 22 A. 944 (1885). These decisions were rendered in a time when the recognizor was obligated to reimburse the costs incurred by both the state and a defendant. Today, this recognizance benefits only the state.

Our guide in this controversy is the rule of *McCarty*. Stripped of its verbiage, the jurat tells us that Inspector Botelho appeared before the issuing magistrate and "was recognized according to law." The quoted phraseology is enough. It indicates that the inspector had personally obligated himself to reimburse the state for the costs it may have incurred in the event his department did not follow through on Vinal's case. Implicit in the language of the jurat is the magistrate's assertion that he had set the penal amount of the recognizance in a sum authorized by law. There has been compliance with the statute.

In this case, we have the presumption of regularity. The record imports verity. Reaching back once again to the days before the turn of the century, this court has said that when a tribunal or a magistrate taking a recognizance has the authority to do so, the recognizance will, in the absence of evidence to the contrary, be presumed to be valid. *State* v. *Edgerton*, 12 R. I. 104 (1878). We therefore will assume that the District Court justice followed the statutory requirements when he certified that Inspector Botelho appeared before him and was recognized according to law.

The plea in abatement was properly overruled.

The defendant's appeal is denied and dismissed.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for plaintiff.

*Berberian & Tanenbaum, Aram K. Berberian,* for defendant.